JAMES BELL, plaintiff in error, *vs.* LINDSEY CHANDLER, defendant in error.

[1.] The defendant gives notice to the plaintiff, to produce a *fi. fa.*
*Held,* That this *notice* is not a sufficient foundation for secondary evidence of the *fi. fa.*

[2.] A purchaser at Sheriff's sale acquires no title, if the Sheriff had no authority to sell, and this is so, whether the purchaser had notice of the want of authority or not.

Ejectment, in Carroll Superior Court.    Tried before Judge HAMMOND, April Term, 1857.

This was an action of ejectment brought by Doe *ex dem.* of John Buchanan and James Bell, against Roe, casual ejector, and Lindsey Chandler tenant in possession, for the recovery of lot of land No. 224, in the county of Carroll.

Plaintiff proved title in his lessors, the possession of defendant of the premises in dispute, and closed.

Defendant offered in evidence a Sheriff's deed, dated 1st March, 1842, of the land in controversy, to F. D. Bowen, purporting to be a conveyance in pursuance of a sale of said land, under a *fi. fa.* in favor of Kedar Powell and John B. Sanders, executors of G. G. Gaines *vs.* James Bell, issued from the Superior Court of Decatur county.    This *fi. fa.* was issued on a judgment, dated 3d December, 1833, for $300.

The *fi. fa.* was dated 31st May, 1838. In support of this deed, or as foundation for its introduction as evidence, the records of the county of Carroll were offered to show a copy of said *fi. fa.*, without accounting for the loss of the original, further than serving plaintiff with a notice to produce it. To the deed and copy *fi. fa.* thus offered, plaintiff objected; the objection was overruled, and plaintiff excepted.

Defendants next offered a deed from Bowen to defendants, for one half of said lot, and a deed from Dean the Sheriff, who sold the land, for the other half.

They then swore *Alexander Sewell*, who testified, that he had heard defendants claim the lot in question since 1842, up to the present time; that it joined their other land, and they had a winter pasture which embraced about two acres of cane-brake on the disputed lot, and he had seen defendant get a tree off said land for wagon timber. Another witness proved that defendants had cut a tree for a loom beam, and some rails. Defendant closed.

Plaintiff in reply, proved that the only judgment ever obtained against him in Decatur county, in favor of Powell and Sanders, executors of Gaines, was rendered at December Term, 1832, which was for $300. Upon which a *fi. fa.* issued 28th December, 1832, and was returned at June Term, 1833.

*Keedar Powell* examined by commission, testified, that he was one of the executors of G. G. Gaines, that said estate had a demand against Bell, who was sued and judgment and execution obtained, which was paid off the latter part of 1832, or first part of 1833, to John B. Sanders, the other executor, and this was the only demand they had against him. The amount of their demand was about $300. Knows nothing of the execution and sale of Bell's land in 1842, in Carroll county, nor did any execution issue, nor was any sale ever made in said county to his knowledge or by his authority.

*G. Scarborough*, who was Clerk of the Superior Court of De-

25

catur county, from 1826 to 1835, swears, that he remembers very well, that there was a judgment obtained in said Court by the executors of George G. Gaines, against James Bell, and that Bell paid said judgment. He left that county in *1837*, and knows that the judgment was satisfied before that time. The judgment was for $300, besides interest and cost, and knows of but one such judgment in favor of said parties, against Bell, and knows that it was settled before 1537, because he paid the money himself to Sanders, one of the executors.

*John B. Word*, testified that he had lived on the adjoining lot for the last 15 or 20 years, and heard defendant claim the land, but the first act of ownership he knows of, was in December, 1849, and he used one tree for wagon timber off the lot, and the fence around the pasture was put there long before defendant claimed the land.

*Centre White*, testified, that in a conversation with defendant, he told witness about the Sheriff sale being a fraudulent one, and that the *fi. fa.* was fraudulent, and that plaintiff had left his title with him. This was before defendant bought from Bowen, and he said he did not care ; he could get a warrantee deed from Bowen and Dean, and he thought he could perfect that title by possession, and if he lost the land, he would get his money back with interest.

Here the testimony closed.

The Court charged the jury that if they believed that Bowen bought with notice, and defendant bought from him without notice of any fraud or forgery, in relation to said *fi. fa.* and sale, that then the plaintiff could not recover, as the defendant was protected by the law: And further if defendant bought with notice, and Bowen without notice, then plaintiff could not recover.

To which charge plaintiff excepted.

The jury found for the defendant, and plaintiff tenders

his bill of exceptions, and assigns for error the rulings, and charge, as excepted to.

WRIGHT; and MABRY, for plaintiff in error.

CHANDLER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The only foundation laid for the introduction of secondary evidence of the *fi. fa.*, was the *notice* to produce the *fi. fa.*

What the answer to that notice was, does not appear. The paper called for, was a *fi fa.* It was a paper, therefore, which, it is to be presumed, was not in the possession of the party notified to produce it; but where it belonged, in the Clerk's office. It is not to be presumed, therefore, that the answer admitted the *fi. fa.* to be in the possession of the answering party.

[1.] This being so, we think that the foundation for secondary evidence was not sufficient; and therefore, that the Court erred in admitting, as evidence, the copy of the *fi. fa.*

[2] A purchaser at Sheriff's sale acquires no title, if the Sheriff has no authority to sell.' And this is true, whether he has notice of the want of authority or not. A Sheriff who sells under *fi. fa.*, has no authority to sell, if the *fi. fa.* stands on no judgment, or if it stands on a satisfied judgment.

It follows, that the charge of the Court was wrong.

The counsel for the defendant in error, Mr. Buchanan, did not defend this charge, but he insisted, that the evidence was such, that it required the verdict to be as it was, no matter what might have been the charge.

But we do not think so.

We do not think, that the *possession* proved in Chandler, was sufficient. *Royall vs. Lessee of Lisle*, 15. *Ga. Rep.* 545.

Then, Chandler, before he took any deed, had *notice* of Bell's title.

He went into possession in *bad faith;* that is, of set pur-pose to acquire a title under the statute of limitations, in fraud of Bell's title.

Besides, *none* of the evidence would have been before the jury, if the Court had excluded the *fi. fa.,* and we have de-termined that the Court should have excluded the *fi. fa.*

Judgment reversed.