# FARROW vs. BULLOCK.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Defendant in ejectment cannot tack the possession o' a grantor, whose possession originated in fraud of the true owner, to his own possession in order to complete the term of years necessary to give him title by prescription, though he himself be an innocent purchaser from such fraudulent grantor.

Ejectment. Prescription. Fraud. Before Judge Lester. Lumpkin Superior Court. April Term, 1879.

Bullock brought complaint for land against Farrow. He claimed under a regular chain of title from the state down to himself. Defendant claimed a prescriptive title. The evidence in his behalf was as follows:

1. W. M. Patton, who testified as follows: Had known the lot twenty-two years. Peter Walker was in possession in 1856. How many years Walker had lived on it before that time witness did not know. Witness bought this lot with two others, from Peter. Obtained only a quit-claim for this one, and paid $1 for it. Witness went into possession of this lot in January, 1857, and remained in possession until October, 1874, when he sold it to H. P. Farrow, reserving eight acres in the northeast corner. Ever since witness knew the lot, there have been two or three acres under fence and cultivation all the time. Rents worth $2 per acre annually. Witness bought in 1857, and took a deed from Walker January 5, 1857. Walker told him that he had no title to the land—that he never bought it, and did not own it, and did not know who owned it; that he had never heard of the owner or of any claimant to the land, that he *only claimed the possession of the land*, and would let witness have it. That he (Walker) was the only person who had ever occupied the lot. That if the lot had an owner except himself, Walker had never seen or heard of him. Up to the time Walker sold to witness no one had ever claimed the lot of land, that witness

knew of. Witness bought the lots in *good faith*, but knowing that Walker had no title. Farrow had been in possession since 1874.

2. Defendant introduced a quit-claim deed from Peter Walker to W. M. Patton, dated January 5, 1857, the expressed consideration being $1.00.

3. Also a quit-claim deed from W. M. Patton to H. P. Farrow, dated October 8, 1874, the expressed consideration being $25.

The jury found for plaintiff. Defendant moved for a new trial, among other reasons, because the court charged the jury as follows: "If you believe, from the evidence, the first occupant of the land (Walker) was a mere squatter thereon without color of title or claim of right; and if you also believe, from the evidence, that when he sold to Patton he told Patton he had no title to the land, that he did not own it, and had never seen the owner, and did not know who the owner was, but that he had simply the possession of it, and would let him have it, and that Patton bought it from Walker with a full knowledge of the nature and character of his title, taking a quit-claim deed to the land, Patton, under such circumstances, would not have such a title as woulddefeat the title of the true owner, although Patton may have been in possession of the land for seven years after his purchase from Walker. If the evidence satisfies you that Patton obtained his quit-claim deed in the way and under the circumstances before indicated, such a deed could not support a prescription as against the true owner of the land."

The motion was overruled, and defendant excepted.

PRICE & BAKER, for plaintiff in error.

WIER BOYD, for defendant.

JACKSON, Justice.

The plaintiff showed a regular chain of title from the state to himself. Defendant relied upon prescription founded upon adverse possession in himself and grantor for twenty years by itself and seven years with color of title.

In neither case was the possession adverse in defendant's grantor. He took a quit-claim when he first went into possession, from a man who told him he had no title to the land, and only sold his possession, paying only one dollar for the lot. So that, under the Code, the grantor's possession originated in fraud, and was not good to found a prescriptive title upon. Code, §§2682, 2683, 2679. The defendant Farrow, himself, bought innocently; but he had been only a short time in possession, and to make even seven years, he had to tack the possession of his grantor, which was fraudulent in its origin. The verdict for defendant in error was therefore right, and the motion for a new trial was properly overruled. 51 *Ga.*, 139; 44 *Ga.*, 573.

Judgment affirmed.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]