HINTON & CUTTS, HAL LAWSON and J. H. MARTIN, for plaintiff.

D. M. ROBERTS and E. H. WILLIAMS, for defendant.

---

STUDSTILL *et al. v.* WILLCOX.

1. If a parol gift of land was made in 1849 by a father-in-law to his son-in-law, and the son-in-law entered, made valuable improvements, continued in possession more than seven years while the father-in-law was in life, claiming the land as his own and (so far as appears) not paying rent or otherwise acknowledging owner-

ship in the latter, then sold and conveyed to a purchaser for value, the legal representative of the father-in-law could not, in an action brought more than thirty years after the gift, recover the land from one in possession whose title was derived from the son-in-law by conveyances through successive vendees. Parol evidence to prove the gift and the admissions of the father-in-law that he had given, and to prove all the facts and circumstances tending to establish the donee's equitable right to stand upon the gift and to retain and transmit possession under it, is admissible in resistance to the action.

2. One who has actual possession of land under color of title does not, relatively to strangers, part with or lose such actual possession by contracting orally to sell the land to another and putting him in possession under such contract. While the strict relation of landlord and tenant does not result from such arrangement, the relation of principal and agent, or that of a *quasi* tenancy, in respect to the occupancy of the land, does result, by reason of which the actual occupant holds under and for him who has the color of title, so long as the agreed purchase money is unpaid. And the same rule prevails with respect to a second purchaser by parol, admitted into possession by the first, where such change is acquiesced in by such holder of the color of title. All who come in successively and are accepted or not objected to by him represent him in the possession, and his color of title will inure to their benefit as well as to his own, in case any one of them with the consent of the others should ultimately satisfy his claim for purchase money and take from him a conveyance of the premises. Thus where A, having entered under color of title, contracted by parol to sell to B, put him in possession, and B, failing to pay, restored possession, and then A contracted by parol to sell to C, and put him in possession, and C contracted by parol to sell to D, and put him in possession, after which and pending this possession A, with the consent of all parties, conveyed to D, there being no evidence that any purchase money was paid previous to the execution of this conveyance, all the connected and continuous possession of the premises up to that time should be treated as the possession of A relatively to the statute of prescription. And this possession may be tacked by D, and by others coming in afterwards under color of title derived from him, to complete the statutory term of prescription in behalf of the present occupant. If A received his purchase money when he contracted to sell, or at any time afterwards previously to executing a conveyance to D, he would hold his color of title up to the latter time in trust for his vendee or such successor to him in the possession as would at any time be entitled equitably to a conveyance on account of such payment and the stipulations in the various parol contracts of the successive occupants.

3. The *fi. fa.* with the levy thereon and entry of sale, offered in evidence, was admissible because a part of the color of title relied upon, and because the entry of levy was material as tending to explain a patent ambiguity in the sheriff's deed affecting the identity and quantity of land sought to be conveyed by the deed.

4. It was competent to aid the levy by parol evidence that the lot of land described by number and district, without mentioning the county, lay in Telfair county.	*Judgment reversed.*

August 20, 1894.

Ejectment.	Before Judge SMITH.	Dodge superior court.	September term, 1893.

The suit was brought by the administrator of Mark Willcox against William Studstill *et al.*, who pleaded the general issue and prescription. The jury found for the plaintiff, and defendants' motion for a new trial was overruled. Plaintiff proved title in Mark Willcox, the deed to him being dated in 1847. There was evidence for defendant, that about two years after that time Willcox put Wright Collins, his son-in-law, in possession of the land, and Collins remained in possession, made valuable improvements and exercised acts of ownership until he conveyed the land by deed to W. R. Walker in 1859. In the motion for new trial error is assigned on the refusal of the court to receive any evidence going to show that Willcox made a parol gift of the land to Collins; and upon refusal to charge the jury, that if W. R. Walker went into possession under the deed from Collins, made valuable improvements and remained in open, peaceable and continuous possession for seven years or more, he obtained a good prescriptive title, and plaintiff could not recover. There was further evidence for defendant, that W. R. Walker remained in possession of the land, adversely, peaceably, etc., by himself and his tenants, until it was levied on and sold by the sheriff to M. A. Walker in 1869, under an execution in favor of Campbell *v.* W. R. Walker, Wright Collins and William Studstill; that M. A. Walker went into possession under

his purchase, and put J. E. Walker, his brother, in possession under a parol contract of purchase; that J. E. Walker cultivated the land but failed to pay for it, and M. A. Walker then sold it to B. F. Clark by parol contract and put him in possession, after which Clark sold it to J. W. Stevenson by parol contract, and after he had been in possession two or three years, by agreement between all of them M. A. Walker made a deed to Stevenson; and that defendants hold under successive conveyances from Stevenson down. Another ground of the motion for a new trial is, that the court charged the jury that the possession of W. R. Walker could not be tacked to that of Collins to make a prescriptive title; nor could the possessions of the others named be tacked to that of M. A. Walker to make a prescriptive title, if it should not appear that J. E. Walker or B. F. Clark were tenants or agents of M. A. Walker. A further ground is, that the court ruled out the execution under which the sheriff's sale was made, issued from Telfair superior court, with the entries thereon of levy and sale. The sheriff's deed in evidence, dated August 3, 1869, described the land conveyed as "lying in the 14th district Telfair county, as numbers 318, 313, 342, one acre deep off the west side and ninety acres off of three hundred and thirteen and forty off of (318) three hundred and eighteen 347 a fraction 34 acres more or less 343, 284, 287, 314, 344 with seven acres south side, 316 lying west of mill creek." The entry of levy described the land thus : "all in the 14th dist., No. 313, 318, 342, one acre deep off of the north side of each lot No. 347, 34, numbers 343, 234, 281, 257, 314, 287, 344, 7 acres off. All of lot No. 316 lying west of mill creek." Also, that the court refused to allow defendants to prove that the mill creek referred to in this levy was then in Telfair county.

JORDAN & WATSON, B. R. CALHOUN and J. H. MARTIN, for plaintiffs in error. ROBERTS & SMITH, contra.