BURCH *et al. v.* BURCH.

1. In order for a son, by virtue of the provisions of section 2664 of the code, to acquire title to land belonging to his father, the former must have exclusive possession, under all the conditions therein specified, for the full period of seven years; and if, before the expiration of that period, a son while in possession undertook by deed to convey the land to his wife and children, although he may, after the execution of the deed, have remained upon the land with the grantees, his possession was no longer exclusive and in his own right, but in subordination to theirs.

2. In such case, the grantees could not tack their possession under the deed to that which had been previously held by the grantor, and thus acquire title in themselves as against the grantor's father, or his successors in title.

April 15, 1895.   Brought forward from the last term.

Complaint for land.   Before Judge JENKINS.   Laurens superior court.   July term, 1894.

P. L. WADE, H. P. HOWARD and A. F. DALEY, for plaintiffs.   ROBERTS & BURCH, for defendant.

LUMPKIN, Justice.

The verdict in this case was amply sustained by the evidence, and should not be disturbed unless some error of law was committed by the judge at the trial.

Emma Burch, for herself and as next friend of her minor children, brought an action against William Burch, the father of her deceased husband, Nathan Burch, for the recovery of certain land. It appeared that Nathan Burch had gone into possession of the land in question while it belonged to his father, and subsequently, while so in possession, made a deed of gift by which he undertook to convey the land to his wife and children. The plaintiff sought to make good her title upon three lines:

First, she insisted that her deceased husband had been in possesion of the land for more than seven years before the making of the deed of gift, and therefore had at that time, as against his father, a good title under the provisions of section 2664 of the code.

Second, she contended that if this were not true, inasmuch as her husband remained upon the land with his family after the execution of the deed up to his death, thus making the whole period of his remaining there more than seven years, he had in his own right, under that section, a good title as against his father, to which she and her children succeeded.

Third, her remaining contention was, that in any

event, she could tack the possession which she and her children held under the deed from her husband, to the possession held by her husband prior thereto, and thus make out a complete title as against the father.

As to the first contention, it is sufficient to say that the evidence was conflicting as to how much time elapsed between the date when Nathan Burch first went into possession, and the date when he executed the deed of gift to his wife and children; so the jury were authorized to find, and evidently did find, that this period was less than seven years.

In the next place, we do not think the second contention of the plaintiff was well founded. In order for a son, by virtue of the provisions of the above mentioned section of the code, to acquire title to land belonging to his father, the son must have exclusive possession, without the payment of rent, for the full space of seven years, under all the conditions specified in that section. This means that the possession must be that of the son in his own right, and not in the right of another. Where a possession of this kind has begun, and title under it is ripening, it would undoubtedly be the right of the father, at any time before the expiration of the seven years, to re-enter; and in this event, the prior possession of the son would count for nothing. In other words, he would acquire no conclusive right as against the father, nor have title at all, until the full completion of the seven years. When Nathan Burch undertook by deed to convey the land to his wife and children, the mere fact that he thereafter remained with them upon it is of no consequence; for his so-called subsequent possession was no longer exclusive and in his own right, but in subordination to theirs. Certainly, if he had undertaken to convey the land to a brother, or to any other person, and afterwards lived with his grantee upon the land, it could not be insisted that he

himself was in the exclusive possession of it; and, in principle, it is exactly the same thing although the conveyance was made to his wife and children.

We are equally sure that the last ground of recovery relied upon by the plaintiff is not maintainable. We have already seen that no period of possession by the son against the father of less duration than seven years, would be of any avail; and it follows that the possession of the son's wife and children, acquired under their deed from him, could not be tacked to the son's former possession in order to make out a good title as against the father, or his successors in title. There is absolutely nothing in the provisions of section 2664 of the code, or in any other law of which we have any knowledge, which would authorize any such form of tacking. The case of *Studstill et al.* v. *Wilcox,* 94. *Ga.* 690, 20 S. E. Rep. 120, relied upon by counsel for the plaintiff in error, is entirely different from the case at bar, and in no way controls it.          *Judgment affirmed.*