PATTILLO *et al.*, executors, *v.* MANGUM.

No. 8988.   November 21, 1932.

*Vaux Owen* and *Pemberton Cooley,* for plaintiffs.

*Wheeler & Kenyon, G. Fred Kelley,* and *John I. Kelley,* for defendant.

HILL, J.   L. P. Pattillo and John W. Owen, executors of the estate of W. W. Owen, deceased, brought suit against Walter Mangum for 41 acres of land described, alleging that the land was the property of W. W. Owen, and that the defendant was occupying it claiming it as his own.   The defendant answered, averring specially that the deceased had given the land to him and his wife under an oral contract; that the deceased was eighty years of age, unable physically to look after himself, and he made an oral agreement with defendant and his wife that if they would move on the place and look after and cook for him he would give them the piece of property, and in the meantime that the defendant could have half of the proceeds of the crops which the defendant cultivated with the tools belonging to the deceased, the defendant to do all the chores around the place; that the defendant and his wife fully carried out their part of the contract, looking after and caring for the deceased, cooking and washing for him, until his death.   The defendant prayed that title to the land be decreed to be in him.   The jury found for the defendant.   The plaintiffs' motion for new trial was overruled, and the plaintiffs excepted.

Ground 4 of the motion for new trial assigns error on the following charge by the court to the jury:   "Therefore the burden is upon the defendants to prove by a preponderance of the testimony their right, under the contract, to own and possess the property." In approving this ground the judge said:   "It is true in that part of the charge explaining to the jury that defendant had admitted a prima facie case, and that the plaintiffs would be entitled to a recovery unless the defendant proved his case by a preponderance of this testimony, as quoted in the charge complained of.   The court, following this in two parts of the charge, instructed the jury, before a court would enforce an oral contract with reference to land

for specific performance, the terms of the contract must be established to a reasonable certainty, and the consideration must be clearly and satisfactorily proved." It has been repeatedly held by this court that in order to prove a parol contract for land, so as to entitle one to specific performance, the contract must be established so clearly and satisfactorily as to leave no reasonable doubt on the minds of the jury. *Tidwell* v. *Garrick,* 149 *Ga.* 290 (99 S. E. 872); *Scott* v. *Williams,* 167 *Ga.* 386, 388 (145 S. E. 651); *Suber* v. *Black,* 168 *Ga.* 439, 441 (148 S. E. 81); *McDermott* v. *Lankenau,* 170 *Ga.* 591 (154 S. E. 149). The charge complained of does not state the correct rule in cases like the present; and even if the court subsequently gave the correct charge, this would not cure the error complained of. In *Savannah, Florida & Western Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239), it was said: "But the defendant in error insists that this error was cured in subsequent portions of the charge. The attention of the jury was not specially called to the fact that it was intended to correct what had been previously said. The jury must take the whole charge as the law. And it is not for them to select one part to the exclusion of another, nor to decide whether one part cures or qualifies another, without being instructed so to do by the judge." The principle ruled in the *Hatcher* case is controlling here. The judge failed to instruct the jury that they must take the latter portion of the charge to the exclusion of the former. And see *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91); *Preston* v. *Ham,* 156 *Ga.* 223, 236 (119 S. E. 658); *Wimberly* v. *State,* 12 *Ga. App.* 540 (77 S. E. 879). The charge given, being erroneous and harmful to the plaintiffs, will require a reversal of the judgment refusing a new trial. This being controlling of the case, the other special ground of the motion for a new trial, which is based upon newly discovered evidence, will not be dealt with.

As the judgment is reversed on account of the charge of the court, no opinion is expressed as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Gilbert, J., who dissent.*

BECK, P. J. I dissent from the ruling granting a new trial upon exceptions to parts of the charge quoted. The charge as given was a correct charge. In the first part of the charge the court correctly

instructed the jury that "the burden is upon the defendants to prove by a preponderance of the testimony their right under the contract to own and possess the property." And this was a correct charge; that is, the burden rested generally upon the defendants to establish by a preponderance of the testimony "their right under the contract to own and possess the property." They would have to show by a preponderance of the evidence their performance of their part of the contract,—the contract which they must also establish by evidence to that degree of certainty required by the law. The degree of certainty required of the defendants of establishing the contract by evidence was defined by the court to the jury in the following language: "The terms of the contract must be established to a reasonable certainty, and the consideration must be clearly and satisfactorily proved." When the court instructed the jury that the terms of the contract must be established "to a reasonable certainty," that was equivalent to instructing them that it must be established to a reasonable and moral certainty. And to establish a contention to a "reasonable and moral certainty" is in substance the same as establishing it beyond a reasonable doubt. The cases cited in the opinion of the majority, holding that where a judge gives an erroneous instruction in one part of the charge the error is not cured though in a subsequent part of the charge the judge gives the correct charge, are not applicable in the instant case; because the first part of the charge excepted to was not error. In that first part the court was dealing merely with the general requirement imposed upon the defendants to establish their right by a preponderance of the evidence; and then the court laid down the appropriate rule showing the necessity of proving the terms of the contract sought to be enforced to a reasonable certainty. Mr. Justice Gilbert concurs with me in this dissent.