### HARDEN *v.* MORTON *et al.*

No. 14427. MARCH 10, 1943.

*Lester F. Watson,* for plaintiff in error.

*R. M. Daley* and *M. H. Blackshear Jr.,* contra.

REID, Chief Justice. ■ The first complaint as represented by grounds 1 and 2 of the amendment to the motion is that the court erred in refusing to submit to the jury the defendant's contention that there was a conclusive presumption of gift to the son by reason of the possession by the son for more than seven years without the payment of rent, and without any claim of dominion by the father, or disclaimer of title by the son. This same error is charged in another way by the contention that the judge should have instructed the jury in terms of the Code, § 48-106, which provides: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or

of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title by the child." The judge did not charge this section, nor did he submit as a separate contention of the defendant the claim that he was entitled to prevail by reason of such a presumption. In view of all the evidence the judge was right in so excluding this issue, and in omitting the provisions of this Code section from his charge. In a proper case where this section applies the *gift* is conclusively presumed under its very terms, and no proof touching such gift is required. In the present case the evidence showed that the plaintiff went into possession sometime during the year 1917, without claim of any color of title. In 1921 his father, who held the legal title, conveyed the property to the insurance company. The father died in 1924, and the equity of redemption was set apart to his widow, but she never discharged the outstanding indebtedness, the land was later sold under power of sale contained in the deed made by the father; and thus legal title never came back into the father or his estate. Under the terms of this section the son could not claim any title prior to the completion of the full seven-year period. In *Burch* v. *Burch,* 96 *Ga.* 133, 135 (22 S. E. 718), it was said: "Where a possession of this kind has begun, and title under it is ripening, it would undoubtedly be the right of the father, at any time before the expiration of the seven years, to re-enter; and in this event, the prior possession of the son would count for nothing. In other words, he would acquire no conclusive right as against the father, nor have title at all, until the full completion of the seven years." In other words, in a case where the reliance is upon this section of the Code, the child obtains no title until he obtains full title, and in the present case title was conveyed from the father before any had ripened in the son. This is aside from the proposition that the seven-years possession under the conditions named in the Code must have ended before the death of the father. See, in this connection, *McKee* v. *McKee,* 48 *Ga.* 332, where it was held: "To make out a case of a presumptive gift of lands, under section 2622 of Irwin's Revised Code [48-106], it is necessary to show that the exclusive possession of the child, without payment of rent, shall have continued seven years during the lifetime of the father, and if he (the father) die before the seven years is complete, the presumption provided for does not exist." *Moore* v. *Segars,* 192 *Ga.*

190 (2) 196 (14 S. E. 2d, 752). The principle announced in the latter case affords another reason to sustain the judge in omitting this principle from his charge, because the evidence shows that the defendant made his entry into possession in 1917, and that the father died in the year 1924. The exact date of neither is shown, and therefore it can not be determined whether, independently of the conveyance by the father, the full seven years had ripened before his death.

■ The remaining ground complains of the following charge: "I charge you that a father that undertakes to give a son a piece of land by parol contract and without executing a writing showing such gift, that before such parol gift would be valid and enforceable, it would have to be made on a meritorious consideration, accompanied by possession on the part of the son and entered into by consent of the father, with valuable improvements made thereon on the faith of such gift by the son with the knowledge of the father. To sustain a contract of this kind in order for it to be set up and established, it must be sustained by evidence that is clear and convincing and that leaves no reasonable doubt on your minds as to its existence." The complaint is that this charge is erroneous for the reason that there was not coupled with it or given in connection with it the principle of the Code section dealt with in the foregoing division of this opinion, and further that it improperly required the defendant to establish his claim of gift by evidence which would convince the jury "beyond a reasonable doubt," instead of by a mere "preponderance of the testimony." The first criticism has been dealt with in the ruling made above. The second can not be sustained. The Code, § 37-804, provides: "Specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement." And in cases arising under this section it has frequently been held that the terms of such a gift or parol contract "should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." *Redman* v. *Mays,* 129 *Ga.* 435 (59 S. E. 212); *Gordon* v. *Spellman,* 148 *Ga.* 394 (2) 399 (96 S. E. 1006); *Pattillo* v. *Mangum,* 176 *Ga.* 51 (166 S. E. 641); *Lloyd* v. *Redford,*

148 *Ga.* 575 (97 S. E. 523); *Mickle* v. *Moore,* 193 *Ga.* 150 (2) (17 S. E. 2d, 728). In giving the charge under consideration the judge correctly applied this test and the only test, however it may be expressed, which is appropriate in such a case. The judge was submitting to the jury the issue made by the pleadings and on which evidence was introduced; that is, the claim asserted by the defendant and disputed by the plaintiff, that there was an absolute gift by the father to the son under conditions referred to under this last-mentioned Code section. There was no error in the charge.

It is also urged that a verdict for the defendant was demanded. The evidence has been carefully examined, and this contention likewise must be rejected. It is true that the defendant had occupied the premises for more than twenty years, but it could easily have been found from the evidence, as apparently it was, that the character of defendant's possession was not such as to bring him under the terms of the Code, § 85-406, so as to give him prescriptive title. During a portion of the time his father was living, and the jury from the evidence might have considered his possession during that period as permissive. During all of the time after 1921 there were outstanding loans on the property, or else complete title had vested in others. At no time did he pay taxes on the property until after the bringing of the present suit, or return it for taxes. There was evidence that while title was held by the Federal Farm Mortgage Corporation the defendant sought to purchase the property from them, and on another occasion he stated to the plaintiffs before their purchase that he was looking after it for this Federal Farm Mortgage Corporation. This is not such possession as would demand a finding in his favor. The verdict was supported by the evidence, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*