ERWIN *et al.*, administrators, *v.* MILLER *et al.*

No. 15933.  OCTOBER 14, 1947.  REHEARING DENIED NOVEMBER 14, 1947.

*D. W. Mitchell, J. C. Mitchell, Walter H. Bolling,* and *J. G. B. Erwin,* for plaintiffs.

*Pittman & Hodge, Paschall & Chance,* and *H. L. Barnett,* for defendants.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ A devise of land under a duly probated will is such color of title as will ripen into title by prescription after adverse possession in good faith for a period of seven years. *Quarterman* v. *Perry,* 190 *Ga.* 275 (2) (9 S. E. 2d, 61); *Blalock* v. *Webb,* 190 *Ga.* 769 (10 S. E. 2d, 747); *Fraser* v. *Dolvin,* 199 *Ga.* 638 (34 S. E. 2d, 875); *Hardin* v. *Council,* 200 *Ga.* 822 (38 S. E. 2d, 549).

Knowledge of the claimant devisee that her testator had subsequently to the execution of the will divested himself of title to the land by warranty deeds to another would render the possession by such devisee lacking in the element of good faith required by law as a condition to the acquirement of title by prescription. The deeds constituted a revocation of the devise in the will. *Johnson* v. *Hayes,* 139 *Ga.* 218 (77 S. E. 73).

The devisee, Julia C. Hill, was also a niece and heir of Harriett Ann Hill, the deceased grantee in the warranty deeds from the testator, J. W. Hill. There were other nieces and nephews of the deceased grantee who stood in the same relation as Julia C. Hill; and when the case is considered from the standpoint of the deeds, they were tenants in common, and the possession by Julia C. Hill was the possession of the other cotenants. Code, § 85-1003. She could not hold adverse possession to the other cotenants until actual ouster or exclusive possession after demand or express notice of adverse possession. § 85-1005. The burden was upon Julia C. Hill, a cotenant, as a condition precedent to asserting prescriptive title, to prove that she had met one of the statutory conditions precedent to adverse possession against the other cotenants. *Harris* v. *Mandeville,* 195 *Ga.* 251 (24 S. E. 2d, 23). There is no presumption of law that Julia C. Hill, as devisee, who had the right of possession as a cotenant, ever shifted to some other instrument as a basis of possession. The burden was upon her to prove that she made such a shift from possession as a cotenant. *Roughton* v. *Roughton,* 178 *Ga.* 367 (173 S. E. 673). Whether or not the evidence in this record would have authorized a finding that she had shifted from possession as a cotenant to possession under the will, it did not demand such a finding, and, accordingly, the judgment against her was authorized by the evidence. The probate of the will, which, in addition to the land here involved, disposed of various other properties belonging to the testator, did not amount to an assertion of a claim of title thereunder by the devisee. *Mitchell* v. *Gunter,* 170 *Ga.* 135 (152 S. E. 466). There is nothing in *Stephens* v. *Walker,* 193 *Ga.* 330 (18 S. E. 2d, 537), contrary to what we have just ruled. There the possessor never expressly or impliedly recognized the relationship of cotenant, but claimed title and held possession under a deed to him as the sole grantee,

and it was held that the statutory rule that there could be no adverse possession against a cotenant until actual ouster or exclusive possession after demand or express notice of adverse possession did not apply. If the rule invoked by counsel for the plaintiffs in error to the effect that a person is presumed to act in his own best interest is applied, it will require the conclusion that Julia C. Hill claimed under her ancestor as an heir, since such a claim is supported by her indisputable title to one-fifth interest, whereas her claim under the will would not be supported by any title whatever, and if adverse possession which met every requirement of the law for a period of seven years had been held by her under the will, then for the first time she would have acquired title. This rule, however, would not authorize willful trespassing with knowledge that no right existed to result in vesting title in such a trespasser. If the devisee knew of the existence of the deeds, thereby knowing that nothing passed under the will, no period of adverse possession by her would have enabled her to acquire prescriptive title.

■ We can not sustain the contention of the plaintiffs in error that the evidence in this record demanded a finding that there had been an actual ouster. Whether or not the possession and retention of the rents and profits, making repairs, and paying taxes and selling timber would have authorized a finding of actual ouster, it did not under the facts and circumstances of this case demand such a finding. In *Hardin* v. *Council*, supra, this court, quoted with approval from *Morgan* v. *Mitchell*, 104 *Ga.* 596, 598 (30 S. E. 792), as follows: "The entry and possession of one joint tenant or tenant in common being, prima facie, in support of his cotenant's title, to constitute an adverse possession there must be some notorious and unequivocal act indicating an intention to hold adversely, or an actual disseisin or ouster. The silent and peaceable possession of one tenant, with *no* act which can amount to an ouster of his cotenants, is not adverse; so either actual notice of the adverse claim must be brought home to the latter, or there must have been unequivocal acts, open and public, making the possession so visible, hostile, exclusive, and notorious that notice may fairly be presumed, and the statute of limitations will begin to run only from the time of such

notice. . . Exclusive possession, therefore, by a cotenant alone will be presumed not an adverse holding, but simply one in support of the common title."

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*