## 31209. DICKSON et al. v. DAVIS et al.

GUNTER, Justice.

This is the second appearance of this case in this court. In *Davis v. Dickson,* 232 Ga. 338 (206 SE2d 473) (1974), this court held that the trial court's denial of Mrs. Davis' motion for summary judgment was proper.

After that decision the case proceeded to trial, and the verdict of the jury vested title to the realty in Mrs. Davis and awarded damages, punitive damages, and attorney fees in her favor against the two defendants, J. W. Dickson and Edgewater Ranches, Inc., who are the appellants here.

Appellants have enumerated fourteen errors. However, we do not deem it necessary to treat all of them in this opinion, because we have concluded that the judgment must be reversed and a new trial granted.

This litigation began when Mrs. Davis filed an in rem action to quiet title to realty she claimed as her own and to cancel a series of recorded deeds that showed record title to be finally vested in appellant Edgewater Ranches, Inc.

Mrs. Davis contended that she had occupied and possessed the realty since her aunt's death in 1949; she contended that her aunt had owned the property at the

time of her death and she further contended that the series of recorded deeds that showed title after 1949 in appellants were illegally or fraudulently obtained, and that neither J. W. Dickson nor the corporation that he controlled had any right, title, or interest in the realty.

The aunt died in 1949, and at her death record title to the realty was vested in her. However, shortly after the aunt's death, J. W. Dickson filed for record a security deed in his favor that had been executed by the aunt in 1942. The record then showed: J. W. Dickson foreclosed the security deed from the aunt in 1955 and executed a deed to himself under the power of sale contained in the security deed from the aunt; in 1958 J. W. Dickson conveyed the realty by warranty deed to Luther Radford and Lucille Radford; at the same time Luther Radford and Lucille Radford gave to J. W. Dickson a security deed on the realty; in 1962, Luther Radford and Lucille Radford conveyed the realty back to J. W. Dickson by warranty deed; in 1962 J. W. Dickson conveyed the realty to Elizabeth Davis, the plaintiff-appellee in this litigation; at the same time Mrs. Davis gave a security deed to J. W. Dickson which, like her warranty deed, was recorded (Mrs. Davis denies the execution and delivery of the security deed from her to J. W. Dickson); J. W. Dickson transferred and assigned the security deed to him from Mrs. Davis to Edgewater Ranches, Inc. in 1963 and this transfer was recorded; in 1969 Edgewater Ranches, Inc. foreclosed the security deed from Mrs. Davis and as her attorney under the power contained in the deed executed and recorded a deed placing title to the realty in Edgewater Ranches, Inc.; Mrs. Davis then filed her in rem action in December of 1969.

Mrs. Davis had no record title to the realty from the time of her aunt's death in 1949 to 1962 when a warranty deed from J. W. Dickson to her was recorded. The trial judge submitted to the jury the issue of Mrs. Davis' adverse possession of the property from 1949 to the date of the trial, a period of over twenty years. The appellants properly objected to the submission of this issue to the jury on the ground that Mrs. Davis in her testimony admitted making payments of rent to the Radfords during the time that they held record title to the property, and she also

admitted making payments, either as rent or on the alleged debt of her aunt or her own debt, to J. W. Dickson.

If one in possession of property admits making payments of rent to the record title holder, his claim of adverse possession cannot be sustained against the record title holder as a matter of law. Also, one in possession of property who makes payments to the holder of a security deed on the property, such payments being either rent or payments on an indebtedness that the property itself secured, cannot sustain a claim of adverse possession against the security deed holder as a matter of law. Under the law of this state permissive possession cannot be the foundation of a prescription. Code Ann. § 85-402.

Under the documentary evidence introduced during this trial showing record title and payments made by Mrs. Davis, and Mrs. Davis' own testimony admitting the payments made to the holders of record title, her claim of title by adverse possession for more than twenty years cannot be sustained; and the court's charge to the jury on this issue, properly objected to by appellants, was erroneous. See *Rucker v. Rucker*, 136 Ga. 830 (72 SE 241) (1911).

Since a new trial must be granted on this issue, we deem it unnecessary to treat the other alleged errors that are enumerated.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 28, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED NOVEMBER 23, 1976.

*Ernest J. Nelson, Jr., Thomas O. Davis,* for appellants.

*Gilbert, Wilkerson & Hill, Fred A. Gilbert, J. Carey Hill,* for appellees.