## 45837. BROWN et al. v. WILLIAMS et al.
### (375 SE2d 835)

BENHAM, Judge.
This case is a title dispute: appellants claim title by deed; appellees claim title by prescription. Appellants filed suit to enjoin appellees' continuing trespass on the land in question; appellees answered with a claim that the estate they represent owns the property by virtue of more than 20 years of adverse possession. This appeal is from the grant of summary judgment to appellees.

1. In support of their motion for summary judgment, appellees, executors of the will of Leo N. Bateman, established by affidavit that Bateman had used the land continuously since 1948, more than 20 years, for keeping horses and cattle and for tree farming. The affidavits established specifically that trees were planted and harvested on the contested area by Bateman, that fire breaks were plowed and maintained by Bateman up to the boundary claimed by appellees, and that underbrush on the property was burned by Bateman and his agents. It was also established by appellees' evidence that Bateman's use of the land, adversely to appellants' claim of title, was open and public. The evidence submitted in support of appellees' motion for summary judgment was sufficient, in the absence of contradiction, to establish prescriptive title. See *Cheek v. Wainwright,* 246 Ga. 171 (1) (269 SE2d 443) (1980).

2. Appellants' argument that their payment of taxes on the property raises a question of fact regarding possession is without merit. "Payment of taxes is not, as contended, evidence of title and ownership." *Mitchell v. Gunter,* 170 Ga. 135, 146 (152 SE 466) (1930).

3. In an effort to show that Bateman's use of the property was permissive, which would defeat a claim of adverse possession (*Dickson v. Davis,* 237 Ga. 883 (230 SE2d 279) (1976)), Mr. Brown testified by affidavit and on deposition that at the time he came into ownership of the land, he had given Bateman permission to run cattle on the strip of land now at issue. That testimony, being evidence of oral

transactions with a person now deceased, offered in a suit against the representatives of the estate of the deceased person, is inadmissible, both at trial and on motion for summary judgment. *Wilson v. Nichols*, 253 Ga. 84 (1) (3) (316 SE2d 752) (1984). The transcript of the summary judgment hearing reveals that the trial court was aware that appellants could not prove permissive use in the way they sought to do so, and it is apparent that the trial court did not consider that testimony in deciding the issue of adverse possession. Under *Wilson*, supra, there was no error in failing to find a question of fact regarding permissive use.

4. Since adverse possession must be continuous in order to be part of the foundation of prescriptive title (OCGA § 44-5-161 (a) (3)), appellants offered an affidavit intended to show that Bateman's possession of the property was interrupted sometime in the 1960's by Mr. Brown's action in ordering a crew cutting timber on the disputed property to leave. That affidavit, however, was not served until the day of the hearing on the motion for summary judgment and was not filed until some months later. "An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered. [Cit.]" *Brown v. Rowe*, 178 Ga. App. 575 (1) (344 SE2d 245) (1986). There is nothing in the record of this case to show such allowance by the trial court, and the fact of the judgment against appellants indicates that the trial court did not consider the affidavit. We find no error and no abuse of discretion in that decision.

5. Relying on *Malette v. Wright*, 120 Ga. 735 (48 SE 229) (1904), appellants argue that Bateman could not adversely possess the property because he is a grantor of it. *Malette* has been limited to "its facts, which concerned the effect of a mistake in a deed upon an innocent purchaser." *Seignious v. MARTA*, 252 Ga. 69, 73 (311 SE2d 808) (1984). In *Malette*, the grantor mistakenly included 75 acres in a warranty deed, but remained in possession of that 75 acres. The court ruled there that the grantor's possession could not be notice of an adverse claim. The facts of this case are significantly different: Bateman merely executed a quitclaim deed to the disputed property in favor of appellants' grantor; there is no allegation of mistake; and the evidence of record does not show that Bateman remained in possession after executing the deed, which was dated almost 40 years before this suit was filed, just that he was in possession of it for the 30 years preceding this litigation. *Malette*, therefore, does not apply and the quitclaim deed was no impediment to Bateman's adverse possession of the property.

6. In conclusion, it appears that appellees presented sufficient ev-

idence to establish a prima facie entitlement to a judgment declaring them to have title to the property involved, and that appellants were unable to create an issue of material fact such as would prevent the grant of summary judgment to appellees. There was no error, therefore, in the grant of summary judgment to appellees.

*Judgment affirmed. Judge Braswell D. Deen, Jr., Judge Harold R. Banke, and Judge Marion T. Pope, Jr. concur. Judge A. W. Birdsong, Jr., Judge George H. Carley, and Judge John W. Sognier dissent. Marshall, C. J., Clarke, P. J., Smith, Gregory, Weltner, Bell, and Hunt, JJ., disqualified.*

CARLEY, Judge, dissenting.

Appellants filed suit against appellees, seeking the grant of injunctive relief and an award of monetary damages. The complaint was based upon allegations of appellees' trespass upon property, the title to which property appellants held by deed. Appellees answered and asserted, by way of defense to the claims, that they held prescriptive title to the property. Appellees subsequently moved for summary judgment, basing their motion upon their prescriptive title defense. The trial court granted appellees' motion, holding that they were "entitled to a judgment as a matter of law as to [appellants'] complaint." Accordingly, the trial court did not render a judgment which expressly declared that appellees held prescriptive title to the property. It merely granted summary judgment in favor of appellees as against appellants' equitable and legal claims. The majority affirms this grant of summary judgment. In my opinion, genuine issues of material fact remain and the trial court erred in granting summary judgment in favor of appellees and, therefore, I respectfully dissent.

The grant of summary judgment in favor of appellees would be authorized only if the evidence of record, construed most strongly against them, showed that no genuine issue of material fact remains as to *any* of the requirements for establishing their prescriptive title to the property. In relevant part, OCGA § 44-5-161 (a) provides: "In order for possession to be the foundation of prescriptive title, it: (1) Must be in the right of the possessor and not of another; (2) Must not have originated in fraud except as provided in Code Section 44-5-162; (3) Must be public, continuous, exclusive, uninterrupted, and peaceable; and (4) Must be accompanied by a claim of right." Appellees rely upon the former possession of the property by their deceased as the foundation for their prescriptive title thereto. Assuming without deciding that, under the evidence of record, no genuine issue of material fact remains as to any of the other requisite elements of prescriptive title, it is my opinion that such an issue does remain as to whether the possession of the property by appellees' deceased was accompanied by a bona fide "claim of right."

The evidence shows that, in 1948, appellees' deceased executed a quitclaim deed to the disputed property in favor of appellants' predecessors in title. At some point thereafter, appellees' deceased, who owned the adjoining property, went into possession of that portion of the previously conveyed property which is now in dispute. It is true that the mere fact that appellees' deceased may have previously deeded the property to appellants' predecessors in title will not *demand* a finding that, as a matter of law, his subsequent possession of a portion of that property could not be adverse to appellants' title. A grantor *can* acquire subsequent prescriptive title as against his former grantee or his former grantee's successors in title, *if* all of the requisite elements, including a bona fide claim of right to possession, are present. See generally *Seignious v. MARTA*, 252 Ga. 69, 72-74 (1) (311 SE2d 808) (1984). It is also true that if the record were devoid of *any* evidence relevant to the issue of the existence of a claim of right by appellees' deceased to his subsequent possession of the property, summary judgment in favor of appellees may have been authorized. See *Fraser v. Dolvin*, 199 Ga. 638, 640-641 (34 SE2d 875) (1945).

However, when the evidence of record in this case is construed most favorably for appellants, it is my opinion that a jury would be authorized to find that the subsequent possession by appellees' deceased was not accompanied by a bona fide claim of right. "No prescription runs in favor of one who took possession of land knowing that it did not belong to him. [Cits.]" *Ellis v. Dasher*, 101 Ga. 5, 9 (29 SE 268) (1897). Accordingly, if appellees' deceased subsequently went into possession of a portion of appellants' property, knowing that he had previously conveyed his interest therein to appellants' predecessors in title, his possession would not be accompanied by the requisite element of a bona fide claim of right. Cf. *Erwin v. Miller*, 203 Ga. 58, 60 (1) (45 SE2d 192) (1947). Under those circumstances, "[h]e went into possession in *bad faith*; that is, of set purpose to acquire a title under the statute of limitations, in fraud of [appellants'] title." (Emphasis in original.) *Bell v. Chandler*, 23 Ga. 356, 360 (1857). Compare *Bridges v. Brackett*, 205 Ga. 637 (54 SE2d 642) (1949). Thus, although the previous conveyance of the property by appellees' deceased will certainly not demand a finding that, as a matter of law, his subsequent possession was unaccompanied by a bona fide claim of right, the previous conveyance is itself nevertheless some relevant evidence which will authorize a jury to find that, as the previous grantor, he did know that the property he was possessing did not belong to him. Cf. *Erwin v. Miller*, supra at 60 (1). "If a person takes possession of land which he knows does not belong to him, . . . no prescription will run in his favor, however long he may hold possession of the same. His possession, under such circumstances, originated in fraud, and time will not cure or sanctify the fraud." *Cowart v. Young*, 74 Ga.

694 (1) (1885). " 'Before prescription can arise under an asserted claim of right, the claim must be honestly entertained. To enter upon land without any right to do so and without the bona fide claim of any right to do so is a bald trespass, which, it is true, may give the possessor, so entering, a form of property in his bare possession sufficient to enable him to hold the land as against subsequent intruders, but which can never ripen into prescriptive title. A person entering upon lands, not claiming in good faith the right to do so by virtue of any title of his own or by virtue of some agreement with someone else whom he believes to hold the title, is called a squatter. A squatter can never gain prescriptive title to land, no matter how long he holds the possession. His possession is never considered as adverse.' [Cits.]" *Hannah v. Kenny*, 210 Ga. 824, 828 (7) (83 SE2d 1) (1954).

Moreover, the evidence of record as to the lack of a bona fide claim of right on the part of appellees' deceased consists of more than his previous conveyance of his interest in the property. The evidence shows that, throughout the relevant period, it was appellants who had returned the property for taxes and who had paid the taxes that were assessed. As the majority correctly notes, the payment of taxes is not evidence itself of appellants' title to the property. However, the majority misses the import of this evidence. Appellants have no need to rely upon taxes as evidence of *their* title to the property. Appellants' title is more than sufficiently evidenced by a recorded deed to the property which is in dispute. The ultimate relevancy of the evidence lies not in the fact that it was appellants who had returned the property for taxes and who had paid them, but in the fact that it was not appellees' deceased who had done so. If appellees' deceased had returned the property for taxes and paid them, this would be some "evidence tending to show the bona fides and notoriety of [his] possession." *Crider v. Woodward*, 162 Ga. 743, 757 (11) (135 SE 95) (1926). See also *Mitchell v. Crummey*, 134 Ga. 383, 386 (5) (67 SE 1042) (1910). However, since he did not do so, this failure would be some evidence tending to show that his possession of the property was not accompanied by a bona fide claim of right. "Failure to return the property for taxes is some evidence of the absence of a bona fide claim of title." Pindar, Ga. Real Estate Law, § 12-36, p. 511 (3d ed.). "It is true that [appellees' deceased] had occupied the premises for more than twenty years, but it could easily have been found from the evidence . . . that the character of [his] possession was not such as to bring him under the terms of [OCGA § 44-5-163], so as to give him prescriptive title. . . . At no time did he pay taxes on the property . . . or return it for taxes. . . . This is not such possession as would demand a finding in [appellees'] favor." *Harden v. Morton*, 195 Ga. 471, 475 (3) (24 SE2d 685) (1943).

When the evidence of record is construed most strongly *for* ap-

pellees, a jury would be authorized to find in favor of their prescriptive title defense. The issue is not, however, whether there is evidence of record which would *authorize* a finding in appellees' favor, but whether the evidence, when properly construed, would *demand* a judgment in their favor. For purposes of the motion for summary judgment, the evidence of record must be construed most strongly against appellees and in favor of appellants. Appellants have record title to the property. A portion of their property was entered by appellees' deceased, who had previously conveyed his interest therein to appellants' predecessors in title. At no point thereafter did appellees' deceased return the property for taxes or pay the taxes which were assessed. Although this evidence may not be inconsistent with a bona fide claim of right to possession of the property, it is also clearly consistent with the status of appellees' deceased as a mere squatter upon property which he knew did not belong to him. Accordingly, the evidence would authorize a jury to return a verdict in favor of appellants and, therefore, appellees were not entitled to a judgment as a matter of law. Therefore, I must respectfully dissent from the majority's affirmance of the grant of appellees' motion for summary judgment.

I am authorized to state that Judge A. W. Birdsong, Jr., and Judge John W. Sognier join in this dissent.

DECIDED JANUARY 26, 1989 —
RECONSIDERATION DENIED MARCH 1, 1989.

*Michael L. Bankston*, for appellants.
*Frank C. Vann, Frederick L. Bateman, Jr.*, for appellees.