24534. POLLARD, receiver, *v.* WATKINS.

Decided September 21, 1935.

*Beck, Goodrich & Beck, Mundy & Wright,* for plaintiff in error. *Walter A. Sims, Joseph E. Berman, Ralph G. Sims, O. J. Coogler,* contra.

MacIntyre, J. Clyde Watkins, nineteen years of age, by his next friend, J. P. Watkins, sued H. D. Pollard as receiver of the Central of Georgia Railway Company, to recover damages for personal injuries. The jury returned a verdict for the plaintiff, and the questions presented for determination are (1) whether or not the judge erred in overruling a special demurrer to the petition, and (2) whether or not he erred in overruling the motion for a new trial as amended. Counsel for plaintiff in error expressly abandon every ground of their demurrer except the one attacking the following specification of negligence, set out in subsection (c) of paragraph 9 of the petition: "In failing to have said train under control, so as to be able to stop before striking your petitioner." In paragraph 6 the defendant demurs especially to subsection (c), . . because there are no facts alleged in said petition that imposed upon this defendant the duty to have "said train under control, so as to be able to stop before striking plaintiff." A somewhat abbreviated statement of the pertinent facts as alleged in the petition follows. The plaintiff was seriously injured at three o'clock p. m. on January 31, 1934, on a public crossing known as "Needham's Crossing." The defendant had negligently allowed this crossing to get in such bad repair that it was "almost impossible . . to cross said railroad at said crossing without . . . the motor stopping." "The approach to said . . crossing is steep, and as petitioner drove his automobile up the steep roadway and onto the tracks of said . . company . . , his motor stalled, . . and said automobile stood on said tracks, . . and petitioner was doing what he could to cause the motor to start, when all of a sudden and without any warning" the defendant's passenger-train "rounded a sharp curve just south of said crossing, and struck the automobile." "Petitioner . . could

not see said train as it approached . . until it had rounded said curve, because of embankments along the side of said tracks which extended up to and partially around the curve alongside of said track." "Said train was due in Atlanta, a distance of some eight or ten miles from the point where said wreck occurred, at three o'clock p. m., and . . said train was late, and the engineer . . was operating the same at said high and negligent rate of speed of sixty miles per hour, in violation of any regard for the safety of the public who should happen to be using" said crossing. Said automobile "stopped directly across said tracks, and had been there twenty-five or thirty seconds when said train . . struck him." "Said train failed to give any warning by blowing a whistle, ringing a bell, or other warning and signal of its approach to said crossing, failed to slacken the speed of said train, and failed to stop said train without striking your petitioner."

We hold that the court properly overruled the demurrer and left the jury to pass upon the negligence alleged. In this connection see *Atlantic Coast Line R. Co.* v. *Bradshaw,* 34 *Ga. App.* 360 (129 S. E. 304) ; *Charleston & Western Carolina Ry. Co.* v. *Finley,* 10 *Ga. App.* 329 (2) (73 S. E. 542).

In one ground of the motion for new trial it is contended that the court erred in charging the jury as follows: "Now, gentlemen, as to the ability to labor and earn money, as I have charged you, he would be entitled to recover for that if the evidence shows there has been any impairment of his ability to labor and earn money after he reaches the age of twenty-one years; and in considering that feature you would consider his present age, his probable expectancy of life, and you consider, if the evidence shows it, what he had been able to earn prior to his alleged injury, and, if the evidence shows it, what he would probably be able to earn after this alleged injury after he reached his twenty-first birthday." The assignment of error correctly avers that "nowhere else in the charge does the court instruct the jury on the subject of the measure of damages for permanent injuries resulting in the impairment of his ability to labor and earn money." The petition alleges that "your petitioner's injuries are permanent and his capacity to labor and earn money has been permanently impaired at least one half." The court had just instructed the jury that the plaintiff "would be entitled to recover for any impairment of his ability to labor and

earn money which you may find from the evidence would exist after he reached the age of twenty-one years." We are satisfied that the charge complained of, especially when viewed in connection with the instruction last quoted, was calculated to leave the jury under the impression that they were authorized to "find for the plaintiff the gross amount of his loss by reason of diminished earnings after he became twenty-one years old, without reducing such gross amount to its present cash value," as contended by counsel in one of the assignments of error. Furthermore, nowhere in his charge did the court instruct the jury to reduce the item of damages in question to its present cash value. This likewise is assigned as error. We hold that both these assignments of error are good, and that the court committed reversible error in overruling them. *Central of Georgia Ry. Co.* v. *Keating,* 45 *Ga. App.* 811, 819 (165 S. E. 873), and cit. With the statement that the essential requirements of a charge similar to the one under consideration were considered in *Central of Georgia Ry. Co.* v. *Hill,* 21 *Ga. App.* 231, 235 (94 S. E. 50), we deem it unnecessary to discuss the other assignments of error in this ground. Grounds 2 and 6 present substantially the same questions raised in ground 1, and are controlled by our ruling upon the first ground.

It is urged in ground 3 that the court erred in failing to give in charge to the jury the following rule of law (Code of 1933, § 105-603) : "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." A charge of this rule was demanded by the pleadings and the evidence. Even though the law of comparative negligence (Code of 1933, § 94-703) was given in the charge to the jury, the rule of law enunciated in § 105-603, should have been charged. In *Americus, Preston & Lumpkin R. Co.* v. *Luckie,* 87 *Ga.* 6, 7 (13 S. E. 105), it was said: "The law of contributory negligence is applicable only where both parties are at fault, and, when also the plaintiff could not by ordinary care have avoided the injury which defendant's negligence produced." See also *City of Ocilla* v. *Luke,* 28 *Ga. App.* 234 (2) (110 S. E. 757). The plaintiff testified that he was familiar with the crossing; that he had used it five times a week for three years; that he could see three hundred yards down the track; that when he went on the track he looked in the direction from which the train ap-

proached, and saw no train; and that when he ran on the track his car stalled and remained on the track ten or fifteen seconds before he saw the train coming. "The train was about two hundred yards from me when I saw it approaching. . . I heard the noise of the train. I didn't hear any signal. . . The roughness of the railroad caused my motor to stall. . . He was a good piece off when I seen him, and it wasn't but a few seconds when he hit me." The evidence for the defendant tended to show that the plaintiff turned off the paved road, which was parallel with the railroad-track and about thirty feet distant therefrom, and drove on the track ahead of the oncoming train. It might be concluded, from the pictures of the scene and other evidence in the case, that the train could have been seen by any one on the crossing for a distance of three hundred yards—possibly a quarter of a mile, and that there was very little difference between the level of the paved highway and the railroad. Under evidence based upon pleading, the jury had the right to conclude that if the defendant was negligent the plaintiff could have avoided the consequences of such negligence. We therefore hold that instructions upon the principle of law under consideration were pertinent and necessary, even without request for such charge, and that the court erred in overruling the motion for new trial.

A correct determination of ground 4 depends on whether or not the crossing in question was a public or a private road. We shall only say in regard to this ground, that, whatever may be the evidence upon another trial, the rules for determining when a road is a public road are ably discussed and well stated in *Southern Ry. Co. v. Combs,* 124 *Ga.* 1004 (53 S. E. 508).

We shall not consider either the ground complaining that the verdict is excessive, or the general grounds of the motion.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., concurs specially.*

BROYLES, C. J., concurring specially. In my opinion the evidence demanded a finding that the plaintiff, by the exercise of ordinary care, could have avoided being injured. This being true, the plaintiff was not entitled to recover, and the verdict in his favor was contrary to law and the evidence. The refusal to grant a new trial was error.