39183.   KING v. DAVISON-PAXON   COMPANY.

DECIDED NOVEMBER 20, 1961.

*Edward P. Murrah, Jr., Frank U. Garrard, Jr.*, for plaintiff in error.

*Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs*, contra.

JORDAN, Judge. "A merchant must have a place to locate his goods, counters, and applicance with which to conduct his business, and when such appliances are not placed so as to threaten danger to those visiting the store, and are in full sight, and within the observation of everyone, the merchant is not liable for accidents which result from carelessness and inattention to the surroundings." *Tinley v. F. W. Woolworth Co.*, 70 Ga. App. 390, 393 (28 SE2d 322).

While it was alleged in the instant petition that the defendant store was negligent in placing certain fixtures in close proximity to one another, there were no allegations that this condition was concealed in any manner or that the fixtures were not in use in the customary manner for which they were designed. Nor did the petition allege that the plaintiff had not actually seen the racks in question; nor allege any special circumstances such as the existence of an optical illusion or poor lighting which might

have given the fixtures and the area around them a deceptive appearance; nor was there any allegation that plaintiff's attention was diverted by the display of merchandise or in any other manner.

Construing the petition most strongly againt the pleader, as must be done on general demurrer, it must thus be presumed that the racks in question were in full sight and within the observation of the plaintiff and that she in fact saw such fixtures before striking her knee against the "pyramidal display rack" since she does not allege to the contrary. Accordingly, it cannot be said in this case that the defendant store neglected any duty which it owed to the plaintiff.

The facts alleged in the plaintiff's petition easily distinguish this case from *Stanfield v. Forrest Five &c. Stores,* 95 Ga. App. 739 (99 SE2d 167) and *Big Apple Super Market v. Briggs,* 102 Ga. App. 11 (115 SE2d 385), relied upon by the plaintiff in error.

The petition as amended therefore did not state a cause of action against the defendant and the trial court did not err in sustaining the general demurrer and dismissing the plaintiff's petition.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*