39735. SOUTHERN RAILWAY COMPANY v. LAMBERT.

DECIDED OCTOBER 2, 1962.

692

*Matthews, Maddox, Walton & Smith, John W. Maddox,* for plaintiff in error.

*James Maddox,* contra.

RUSSELL, Judge. The petition alleged that gravel and rocks placed along the crossing by the defendant had been knocked out by constant usage so that the rails were approximately three inches higher than the roadway, making it highly dangerous, with the result that plaintiff's truck in crossing the rails dropped into holes causing it to stall, and that plaintiff, as the train approached was engaged in attempting to move the truck. The petition also shows he was in the cab of the truck at the time. Allegations that gravel and rocks had been beaten out, that the tracks were higher than the roadway, that the truck dropped into the holes and was thereby caused to stall, and that plaintiff was attempting to move the truck off the tracks, are all allegations of ultimate facts, and therefore not objectionable as conclusions. *Norman v. Norman,* 99 Ga. App. 755 (109 SE2d 900). The defendant is only entitled to such definiteness of pleading as will give the opposite party a plain, distinct and definite statement of issuable and traversable facts. *Wrightsville &c. R. Co. v. Vaughn,* 9 Ga. App. 371 (71 SE 691). Special demurrer 4, contending the allegation is vague and indefinite

in that it does not show how the truck was caused to stall by dropping into the holes, and 9, seeking to ascertain in what way plaintiff was attempting to move the truck, are without merit.

■ Special demurrers 10, 11 and 16 attack allegations of negligence, both per se in violation of *Code Ann.* § 94-506, and in fact, that the engineer of the defendant failed to blow a whistle, comply with the blowpost law, or give any signal of the approach of the train, on the ground that the petition otherwise shows "plaintiff was already aware of the approach of defendant's train when it was more than 400 yards north of said crossing." See *Moore v. Seaboard Air-Line R. Co.,* 30 Ga. App. 466 (5) (118 SE 471), holding that, when one is fully aware of such approach *as a matter of fact,* negligence in failing to give warning of its presence is no part of the proximate cause of the injury. The petition fails to disclose such full awareness by the plaintiff at the time the train engine passed the blowpost, and is not demurrable for that reason. Although paragraph 22 (a) fails to specifically refer to *Code Ann.* § 94-506, subdivision (b) does so, and the petition is not demurrable as failing to identify the statute, failure to observe which is denominated negligence per se.

■ Demurrers 13 and 14 attack allegations that defendant failed to exercise due care in approaching the crossing to avoid injuring persons and property thereon (*Code Ann.* § 94-506) and failed to reduce speed so as to have the train under control at the crossing. In *Pollard v. Watkins,* 51 Ga. App. 762 (181 SE 798) a petition alleging substantially the same facts as here set out was held not subject to special demurrer as to an allegation of negilgence, "In failing to have said train under control, so as to be able to stop before striking your petitioner." To the same effect see *Georgia Northern R. Co. v. Rollins,* 62 Ga. App. 138 (1) (8 SE2d 114). These paragraphs are not objectionable as being conclusions of the pleader.

■ The plaintiff set out the amount of his special damages, his injuries, his earnings prior to and after the collision; alleged that he has sustained permanent injuries causing a 50% decrease in earning capacity, and then sued for a total sum of $30,000. If the plaintiff should, as against a special demurrer, have item-

ized the damages further as to what portion he sought for loss of earning capacity and what for pain and suffering, it does not appear that failure to do so in any manner harmed the defendant. This is particularly true where the verdict returned, $2,500, was less than the total of special damages claimed.

■ *Code Ann.* § 94-506 requires engineers of trains, on passing a blowpost, to blow two long, one short, and one long blast "loud and distinct." An error in the charge that the statute only requires "two long distinct blasts" is favorable to the defendant as requiring of it less than the statute demands, and is accordingly innocuous as to it. *Southern R. Co. v. Lunsford,* 57 Ga. App. 53, 56 (3) (194 SE 602).

■ An error in charging that the measure of damages for damage to plaintiff's truck would be "the proven value of the automobile before the collision and the proven value immediately thereafter," and omitting to say it is the difference between these figures, is a verbal inaccuracy which was no doubt perfectly apparent to the jury, and does not appear sufficiently harmful to require reversal. This is particularly true in view of undisputed evidence that the truck was totally destroyed and had only junk value after the wreck.

■ Special ground 5 assigns error on a charge relating to *Code* §§ 94-503 and 94-504 requiring railroad companies to keep public crossings in good order, and special ground 7 assigns error on an abstractly correct charge on the measure of damage for loss of earning capacity, on the grounds that there was no evidence to support these propositions. The same issues are raised both by the motion for judgment notwithstanding the verdict and the general grounds of the motion for new trial; accordingly these assignments of error will be discussed together.

The plaintiff proved all of the essential allegations of his petition. He testified that as his truck traversed the railroad crossing the front wheels dropped into a hole which caused the vehicle to stall. There was other evidence of the bad condition of the crossing. He was in the cab of the truck, attempting to restart the motor, and well aware that the location was eminently unsafe. His testimony on the stand was that his hearing was good and he did not remember hearing the whistle blow; although

this was in conflict with a deposition in which he stated he heard a whistle about the time he saw the engine (when it was, according to his testimony, 20 or 30 feet away) it is not in conflict with the conclusion implicit in both statements that the whistle was not blown 400 yards away at the blowpost and in time to give the plaintiff warning of the train's approach. See *Climer v. Southern R. Co.*, 43 Ga. App. 650 (159 SE 782), on authority of which the testimony, taken in connection with the deposition or otherwise, is sufficient evidence upon which to predicate a finding that the whistle was not blown as required by law. One of the defendant's witnesses testified that the train was traveling 60 miles per hour; it thus appears that there was a period of only 15 seconds from the time the train passed the bend and the blowpost until it reached the crossing; yet the fireman, who was obviously confused, maintained that it took three minutes to blow the four blasts, while defendant's engineer testified that he began giving the signal 1,200 feet, or about 15 seconds, away from the crossing. As to the allegations of negligence per se in failing to exercise due care in approaching the crossing, undisputed evidence showed that the train, rounding the curve less than a quarter of a mile above the crossing at the speed at which it was traveling would have and did require one-half mile stopping distance; it was thus certainly a jury question (the evidence not demanding a finding that the truck stalled on the track due solely to the plaintiff's negligence) whether it was "due care" to approach a crossing at a speed making it impossible to avoid demolishing a truck stalled on the tracks. The plaintiff testified that on realizing the train's approach he attempted to jump from the truck; his foot became entangled with the gear shift and one of the doors appeared jammed, and he was unable to reach a place of safety before being struck. These facts thus present a jury question somewhat stronger than that posed by *Pollard v. Watkins*, 51 Ga. App. 762, supra, as to plaintiff's over-all right to recover. As to loss of earning capacity, the jury was apparently presented with all facts necessary to arrive at a figure, at least up to the time of trial and for some indefinite time in the future. The plaintiff's estimation of his earnings before the injury was considerably weakened by a

forthright cross-examination, which, however, only elicted adverse facts from which the jury might have found the pecuniary loss not as great as contended. As to duration or permanency of the impairment, it is not necessary that there be direct evidence that the injuries are permanent in character to authorize a charge on the subject if, from evidence of their existence and continuity and the length of time they have continued up to the date of trial, the jury receives enough data to form its own estimate as to their temporary or permanent character. *Macon R. &c. Co. v. Streyer*, 123 Ga. 279 (3) (51 SE 342). The injuries here were received 14 months prior to the trial. The plaintiff and his wife testified to facts from which the fact that permanent injury had been inflicted was inferable. One witness, a chiropractor, stated, "Whether it will be permanent I do not know. If he complains and says that he is still having pain, he wouldn't be recovered." There being at least evidence that the injuries would extend for a period of time into the future, there was no error in charging the measure of damages for future loss of earning capacity.

The trial court did not err in overruling the special demurrers to the petition, the motion for judgment notwithstanding the verdict, and the motion for new trial as amended.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*