39891. HOOVER v. SEABOARD AIR LINE RAILROAD COMPANY.

DECIDED FEBRUARY 12, 1963.

*Williford & Grant, John W. Williford, William F. Grant,* for plaintiff in error.

*Erwin, Birchmore & Epting, Howell C. Erwin, Jr., E. Freeman Leverett,* contra.

RUSSELL, Judge. 1. Assuming that actionable negligence is alleged by those allegations of the petition asserting that the defendant was violating the speed limit and the defendant maintained buildings obscuring the visibility of persons approaching the crossing and that the engineer failed to exercise due care under the circumstances (including failure to signal the approach of the train) to avoid injury to a vehicle stalled on the track (*Southern R. Co. v. Lambert*, 106 Ga. App. 691, 695, 128 SE2d 87), the plaintiff is still not entitled to recover if, by the exercise of ordinary care for his own safety, he could have avoided the negligence of the defendant after it became known to him. *Code* § 105-603; *Moore v. Seaboard Air-Line R. Co.*, 30 Ga. App. 466 (3) (118 SE 471). If he voluntarily places himself upon a railroad track almost immediately in front of a rapidly moving train, with knowledge of the danger, thinking he has time to get across before the train reaches him, and he miscalculates, his own negligence must be taken as the sole proximate cause of his misfortune. *Harris v. Southern R. Co.*, 129 Ga. 388 (58 SE 873); *Lord v. Southern R. Co.*, 70 Ga. App. 273 (28 SE2d 299). Unlike *Lambert*, supra, the plaintiff's automobile was not stalled on the track before he knew of the approaching train, nor was it traveling at such a rate of speed that it could not stop at that time. Plaintiff in error argues on authority of *Brown v. Savannah Electric &c. Co.*, 46 Ga. App. 393 (167 SE 773) that an allegation that the plaintiff was "nearly on" the track, as in that case, or "practically on" the track, as in this case, at the time the approach of the train was discovered makes a jury question on the issue of contributory negligence. *Brown*, however, involved a nonsuit where the evidence was to be construed in favor of the plaintiff; this action is on demurrer, must be construed strictly against the pleader, and so construed shows that the vehicle, no matter how near the track it might have been, was not actually upon it; that at a speed of two to three miles per hour the plaintiff could have stopped almost instantly when he saw or should have seen the train 400 feet away. The petition also shows arithmetically that if the train was 400 feet away traveling at 40 miles per hour, and the station wagon was immediately at the tracks traveling only two miles per hour,

either the train would have to slow down or the automobile would have to speed up in order to clear the track before the train reached the collision point. The plaintiff elected to do the latter and pressed down on his accelerator, thus choking the engine and stalling the automobile. Under the facts pleaded the engineer could not stop the train in the 400-foot distance involved, as, after application of brakes, the train proceeded a distance of 700 feet. The case is thus controlled by the rule that the plaintiff, in attempting to cross the track in the face of a known danger, was himself so negligent of his own safety as to preclude a recovery, and the trial court did not err in dismissing the petition on a general demurrer raising this issue.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*