## 40499.   STEPHENS v. DOVER ELEVATOR COMPANY.

JORDAN, Judge.   June Stephens filed suit against the Dover Elevator Company to recover damages for personal injuries sustained by her when she tripped and fell while entering an automatic elevator which, according to the allegations of the petition: "was not standing at the level of the floor at which it opened, but the elevator door had opened for petitioner at a time when the elevator was standing (with the door open) with its floor between four and six inches above the level of the hall where petitioner stood outside while waiting to enter." The trial court sustained the general demurrer to the petition and the exception is to that judgment. *Held:*

While the plaintiff alleged that she was without knowledge of the fact that the floor of the elevator was "between four and six inches" above the level of the floor on which she was standing, the allegations of the petition did not disclose any facts or circumstances, such as poor eyesight, the existence of an optical illusion, dim lighting or some distraction, which would have prevented her from observing the raised level of the elevator which was in plain view. Accordingly, the general allegation that she did not have knowledge of this fact must yield to the specific facts alleged which affirmatively disclosed that said condition was readily observable by the plaintiff and the attendant danger could have been avoided by her in the exercise of ordinary care for her own safety. For this reason the petition did not state a cause of action irrespective of the question of the negligence of the defendant. *Avary v. Anderson,* 31 Ga. App. 402 (120 SE 683); *Peniston v. Newnan Hospital,* 40 Ga. App. 367 (149 SE 715); *Lane Drug Stores v. Story,* 72 Ga. App. 886 (35 SE2d 472); *King v. Davison-Paxon Co.,* 104 Ga. App. 822, 823 (123 SE2d 269). *Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED FEBRUARY 11, 1964.

*Northcutt & Edwards, W. S. Northcutt,* for plaintiff in error. *Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, Robert R. Richardson,* contra.