41881. CHOTAS v. J. P. ALLEN & COMPANY.

ARGUED MARCH 8, 1966—DECIDED MAY 2, 1966—
REHEARING DENIED MAY 25, 1966—

*Pickett, Pickett, Ackerman, Shipley & Norvell, Ray C. Norvell,* for appellant.

*Lokey & Bowden, Glenn Frick,* for appellee.

HALL, Judge. The plaintiff testified that she did not see the tear or split in the mat before she caught her heel in it because she "wasn't looking down to see it." And she answered in the affirmative counsel's questions on cross examination: "Q. If you had been looking down you could have seen it, couldn't you? A. I imagine I could have, yes, sir. Q. It was light enough to see it, wasn't it? A. That's right. Q. You saw it afterwards without any difficulty? A. Yes, sir." And she answered "No" to further questions: "Q. Mrs. Chotas, there was nothing to

prevent you seeing this split in the rug had you been looking, was there? Q. And there was nothing distracting your view or distracting your attention at the time? Q. And you just simply didn't see it, is that correct? A. Well, I didn't pay attention to it. I mean I didn't look down to see it, no, sir. Q. But had you looked down you would have seen it, wouldn't you? A. I would think so, yes, sir." The plaintiff also gave the following testimony: "Q. Would you describe the position in which you were holding your head at the time you walked out of the store immediately prior to your fall? A. Well, I think I was holding my head up, straight up to be walking straight. Q. Would that be in the normal, customary position that you hold your head when you are walking? A. I would think so, yes, sir. . . . Q. Mrs. Chotas, were you looking straight ahead of you, not at the ground at the time? A. Yes sir. Q. At the time you fell? A. I was looking straight ahead, yes, sir."

The defendant argues that this evidence shows that the plaintiff's injury was caused by her own negligence. The plaintiff did not say that she was not looking where she was going; she simply said that she was not looking down at the defect in the mat. Her testimony as a whole does not show as a matter of law that in the exercise of ordinary care in all the circumstances the plaintiff should have been looking down and should have seen and avoided the tear in the mat. The pleadings and evidence presented a jury question whether at the time the plaintiff caught her heel in the mat she should have been looking down at the defect. The same issue was presented and, upon this court's request for instruction, the Supreme Court answered and decided: "Where the owner or occupier of premises fails to keep them in a reasonably safe condition for the use of those who go thereon by his invitation, is an invitee who is injured by a patent defect in such premises, of which she has no actual notice, to be held as a matter of law to be lacking in ordinary care in failing to observe the defect in time to avoid the injury? In other words, will the neglect of a person to observe a patent defect in the steps which she uses in entering a building at the invitation of the owner, of which defect she has no actual notice or knowl-

edge, constitute such a lack of ordinary care as will as a matter of law debar her from recovering from the owner damages for an injury sustained by her by reason of such defect? . . . Failure to exercise ordinary care by a plaintiff before the negligence complained of was apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured. 'The established standard is whether, taking everything into account the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation.' We can not say under this standard and as a matter of law that the plaintiff was lacking in ordinary care in not inspecting these steps, and that she could have avoided the consequences of the defendant's alleged negligence when the same was unknown to her. It can not be held as a matter of law that the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence." *Wynne v. Southern Bell Tel. & Tel. Co.*, 159 Ga. 623, 628 (126 SE 388).

Looking continuously, without intermission, for defects in a floor is not required in all circumstances. *Lane Drug Stores v. Brooks,* 70 Ga. App. 878, 881, 882, 884 (29 SE2d 716), cert. denied 70 Ga. App. 902; *Rogers v. Sears Roebuck & Co.*, 45 Ga. App. 772 (166 SE 64); *Bray v. Barrett,* 84 Ga. App. 114 (65 SE2d 612); *Rothberg v. Bradley,* 85 Ga. App. 477, 482 (69 SE2d 293). Accord *Fuller v. Louis Steyerman & Sons, Inc.,* 46 Ga. App. 830, 836 (169 SE 508); *Georgia Power Co. v. Sheats,* 58 Ga. App. 730, 741 (199 SE 582); *Sheraton Whitehall Corp. v. McConnell,* 88 Ga. App. 725 (77 SE2d 752); *Wicker v. Roberts,* 91 Ga. App. 490 (86 SE2d 350); *Goldsmith v. Hazelwood,* 93 Ga. App. 466 (92 SE2d 48), cert. denied 93 Ga. App. 912. "What is 'a reasonable lookout' depends on all the circumstances at the time and place." *Harris v. Cates,* 105 Ga. App. 178, 183 (123 SE2d 703), reversed on other grounds 217 Ga. 801 (125 SE2d 649)..

It cannot be said as a matter of law that the plaintiff is barred from recovery because she could reasonably have apprehended and avoided the consequences of any negligence of the defendant, so that if the jury found both parties to be negligent, the rule of

comparative negligence applicable "in other cases" under *Code* § 105-603 would govern. Ordinarily the facts upon which the plaintiff is barred from recovery—that he failed to avoid the consequences of the defendant's negligence which he reasonably could have apprehended, or that he voluntarily encountered a known danger—cannot be decided by the court as issues of law. *Wynne v. Southern Bell Tel. & Tel. Co.*, 159 Ga. 623, supra; *Johnson v. Thompson*, 111 Ga. App. 654, 658 (143 SE2d 51).

Anything appearing to the contrary in the decisions and opinions in the following cases, or in any others decided by this court, must yield to the decision of the Supreme Court in *Wynne v. Southern Bell Tel. & Tel. Co.*, 159 Ga. 623, supra: *Lebby v. Atlanta Realty Corp.*, 25 Ga. App. 369 (103 SE 433); *Avary v. Anderson*, 31 Ga. App. 402 (120 SE 683); *Banks v. Housing Authority of Atlanta*, 79 Ga. App. 313 (53 SE2d 595); *Ford v. S. A. Lynch Corp.*, 79 Ga. App. 481 (54 SE2d 320); *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680); *Mattox v. Atlanta Enterprises*, 91 Ga. App. 847 (87 SE2d 432); *Bonner v. Barnes*, 103 Ga. App. 364 (119 SE2d 138); *King v. Davison-Paxon Co.*, 104 Ga. App. 822 (123 SE2d 269); *Tatum v. Clemones*, 105 Ga. App. 221 (124 SE2d 425); *Benefield v. McDonough Construction Co.*, 106 Ga. App. 194 (126 SE2d 704); *Stowe v. Gallant-Belk Co.*, 107 Ga. App. 80 (129 SE2d 196); *Norwood v. Belk-Hudson Co. of Valdosta*, 107 Ga. App. 278 (129 SE2d 810); *Hoover v. Seaboard A. L. R. Co.*, 107 Ga. App. 342 (130 SE2d 247); *670 New Street, Inc. v. Smith*, 107 Ga. App. 539 (130 SE2d 773); *Stephens v. Dover Elevator Co.*, 109 Ga. App. 112 (135 SE2d 593); *Brunswick Pulp & Paper Co. v. Dowling*, 111 Ga. App. 123 (140 SE2d 912); *Platz v. Kroger Company*, 110 Ga. App. 16 (137 SE2d 561).

The defendant urges that we should construe the decision in the *Wynne* case, supra, as this court apparently construed it in *Ford v. S. A. Lynch Corp.*, 79 Ga. App. 481, supra, and that we should follow the decision in *Holman v. American Automobile Ins. Co.*, 201 Ga. 454, 462 (39 SE2d 850). The reasoning of the opinion in the *Ford* case was that the soapy water on the floor which caused the plaintiff to fall was visible, and that because the plaintiff stepped on a patent defect she failed to

exercise ordinary care as a matter of law. It appears from that opinion that the court considered the *Wynne* case but misconstrued its general principle—that a person injured by a *patent* defect is not as a matter of law lacking in ordinary care in failing to observe the defect. We note that two judges dissented in that case. In *Holman v. American Automobile Ins. Co.*, supra, with two justices dissenting, the Supreme Court held that a petition alleging that an employee fell on the premises of her employer because of an excessive and unnecessary amount of wax on the floor, but alleging no facts showing that she did not have an equal opportunity with her employer to discover the patent danger, or that by the exercise of ordinary care she would not have been able to observe it, did not state a cause of action for negligence. Even assuming that the *Holman* case is not distinguishable from the *Wynne* case, it cannot control over the *Wynne* decision, supra, which was earlier and decided by a full bench of the Supreme Court.

The trial court erred in granting summary judgment.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*

ARGUED APRIL 4, 1966—DECIDED APRIL 28, 1966— REHEARING DENIED MAY 25, 1966—