A97A1954. MAYOMI v. PORTMAN PROPERTIES, INC. et al.
(493 SE2d 39)

ANDREWS, Chief Judge.

Leaving his job on the 19th floor of a building allegedly owned by Portman Properties, Inc. (Portman), Dare Mayomi boarded an elevator apparently serviced by Schindler Elevator Company (Schindler). The elevator descended to the lobby but stopped two feet above the lobby floor. When its doors opened, Mayomi stepped out and fell, injuring himself. He sued Portman and Schindler, claiming the defendants failed to adequately inspect and maintain the elevator or warn passengers of its hazards. Finding without question of fact that Mayomi should have seen that the elevator was not level with the floor, the trial court ruled that Mayomi failed to exercise ordinary care for his own safety and granted summary judgment to the defendants. Mayomi appeals.

1. In his sole enumeration, Mayomi contends that his "explanation of why he was not looking as he [exited the elevator] creates a question of fact for the jury." The "explanation" to which he refers is contained in an affidavit he signed on November 7, 1996, and filed with the court on November 12, 1996, which he submitted as part of his "supplemental response" to the defendants' motion for summary judgment. The trial court, however, heard oral argument on the motion for summary judgment on *November 1*, 1996, and its order does not refer to the affidavit. Therefore, we conclude the affidavit was not properly within the evidence considered by the trial court in making its determination. "An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered." (Citations and punctuation omitted.) *Brown v. Williams*, 259 Ga. 6, 7

(4) (375 SE2d 835) (1989). As nothing in the record shows the trial court considered this untimely affidavit, Mayomi's argument that he was "distracted" by activities occurring in the lobby is meritless. Id.

2. In otherwise reviewing the evidence of record de novo, as we do from the grant of a summary judgment, we find no error. See *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996). "Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. [Cit.]" *Steele v. Chappell*, 222 Ga. App. 451 (474 SE2d 309) (1996). Mayomi testified he stood facing the elevator doors as it descended and was the first to exit the elevator. He was carrying no packages. The descent was uneventful, lighting in the elevator was "normal," and there were no flickering or flashing lights to distract him. Mayomi testified during his deposition that he could not recall seeing any obstacles between the elevator and the lobby or unusual activities in the lobby which might distract him.[1] He did not remember whether he looked down before stepping out of the elevator; nevertheless, after he fell he looked back and could see that the elevator floor was "a couple of feet" above the lobby floor.

"Summary judgment is appropriate in situations where the hazardous condition was visible to the plaintiff, had the plaintiff looked. [Cits.]" *J. H. Harvey Co. v. Kinchen*, 213 Ga. App. 868, 869 (446 SE2d 218) (1994). The facts of this case are very close to those of *Stephens v. Dover Elevator Co.*, 109 Ga. App. 112 (135 SE2d 593) (1964). There the plaintiff stepped into an elevator that had not leveled appropriately, tripped and fell. In upholding a trial court's dismissal of the complaint, this Court found the plaintiff had given no excuse for not seeing the plain hazard. "[T]he general allegation that she did not have knowledge of [the danger] must yield to the specific facts alleged which affirmatively disclosed that said condition was readily observable by the plaintiff and the attendant danger could have been avoided by her in the exercise of ordinary care for her own safety." Id. Here, likewise, Mayomi stepped from an elevator that had stopped two feet above the lobby floor. He has given no reason for his failure to see the two foot gap between the elevator floor and the lobby floor. Under these circumstances, the trial court did not err by finding, as a matter of law, that Mayomi failed to exercise due care for his own safety. Compare *Armor Elevator Co. v. Hinton*, 213 Ga. App. 27, 29 (1)

---

[1] This deposition testimony can also be considered to contradict his affidavit testimony regarding the "distractions" he encountered upon reaching the lobby, giving the trial court another basis for rejecting the affidavit testimony. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (1) (343 SE2d 680) (1986).

(443 SE2d 670) (1994), in which the plaintiff fell three feet when she exited a "misleveled" elevator. There we found the stress of flashing strobe lights inside the elevator distracted the plaintiff and allowed a jury to excuse her failure to look down before exiting the elevator and falling to the lobby floor.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 20, 1997.

*Hillman J. Toombs*, for appellant.

*Schreeder, Wheeler & Flint, David H. Flint, Alexander J. Simmons, Jr., Drew, Eckl & Farnham, Gregory G. Schultz, Arthur H. Glaser*, for appellees.