A99A0583. NALL v. BILL HEARD CHEVROLET COMPANY.
(518 SE2d 164)

ANDREWS, Judge.

Ruthie L. Nall appeals from the trial court's order granting Bill Heard Chevrolet Company (Bill Heard) summary judgment on Nall's complaint alleging fraud and unfair and deceptive trade practices. For the following reasons, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant of summary judgment de novo and the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). Viewed in this light, the record reveals that on May 8, 1997, Nall bought a new Chevrolet Monte Carlo from Bill Heard, a Chevrolet dealership. The manufacturer's suggested retail price for the car was $18,678. About a year after she bought the car, Nall had an accident and hit a deer. The car's front end and right quarter-panel were damaged. When Nall's husband was getting repair estimates, body shop employees noticed bondo on the right quarter-panel and informed him that the car had been damaged there before. Nall's

insurance carrier paid the almost $1,900 repair bill, less the deductible. Nall was satisfied with the repairs.

Bill Heard admitted that the car's right quarter-panel had suffered minor damage in a collision on the sales lot prior to being sold to Nall. Bill Heard presented an affidavit from his service department manager, Al Garcia, which stated that the damage was repaired by using bondo, by replacing molding, and by retouching paint. Garcia stated that the actual cost of the repairs was $110. The retail cost of the repairs (the price charged by the service department to the new car department) was $300 and is reflected in the itemized invoice attached to the affidavit.

Nall presented no evidence disputing Bill Heard's actual or retail repair costs. The estimates she attached to her complaint were for damage caused by the collision with the deer. However, Nall did file the affidavit of Jerry Jones, a body shop owner, two days after the summary judgment hearing. Jones estimated he would have charged $1,050 to do the repairs Bill Heard did. Bill Heard moved to strike the affidavit. The order granting summary judgment does not indicate whether the late-filed affidavit or motion to strike was considered.

OCGA § 40-1-5 (b) provides:

> prior to the sale of a new motor vehicle, a dealer must disclose to the buyer any damage which has occurred to the vehicle of which the dealer has actual knowledge *and which costs more than 5 percent of the manufacturer's suggested retail price to repair.* Prior to the sale of a new motor vehicle, a dealer must also disclose to the buyer any damage which has occurred to the paint of which the dealer has actual knowledge and which costs more than $500.00 to repair. *Damages shall be calculated at the actual cost of such repair.*

(Emphasis supplied.)

In this case, Bill Heard's undisputed actual repair costs were less than five percent of the manufacturer's suggested retail price of the car. Consequently, it was not required to disclose the damage to Nall prior to the sale. OCGA § 40-1-5 (b). The repair estimate in the late-filed affidavit raises no material issue of fact as to Bill Heard's actual costs.

> An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exer-

cise of its discretion, has allowed the affidavit to be served and considered.

(Citations and punctuation omitted.) *Brown v. Williams*, 259 Ga. 6, 7 (4) (375 SE2d 835) (1989); *Mayomi v. Portman Properties*, 228 Ga. App. 848 (1) (493 SE2d 39) (1997). Because nothing in the record shows the trial court considered this untimely affidavit, we do not consider it as evidence.

Because Bill Heard had no duty to disclose the prior damage to Nall's car under these circumstances, Nall could not seek relief "under this or any other provision of this Code, including [the Fair Business Practices Act] due to the fact that the new motor vehicle was damaged and repaired prior to the sale." OCGA § 40-1-5 (f). The trial court did not err in granting Bill Heard summary judgment.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 19, 1999 —
RECONSIDERATION DENIED JUNE 1, 1999 — CERT. APPLIED FOR.

*Roper & McPherson, John W. Roper, Dennis P. McPherson*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Clarence M. Mullin, Joseph L. Waldrep*, for appellee.