DECIDED APRIL 20, 2004.

*Vernitia A. Shannon, John A. Ayoub,* for appellant.
*Hallowell, Foster & Gepp, Randy C. Gepp, Karen M. Patten,* for appellee.

A04A0620. HAGADORN v. PRUDENTIAL INSURANCE COMPANY et al.
(598 SE2d 865)

BLACKBURN, Presiding Judge.

In this trip-and-fall static defect case, Leah Hagadorn appeals the trial court's grant of summary judgment to the defendants, Prudential Insurance Company of America, Prudential Investment Management, Inc., and Four Partners, LLC d/b/a Prizm Partners. On appeal, Hagadorn contends that questions of fact remain regarding the defendants' liability for the injuries she received after stepping

into a storm drain on the defendants' property. For the reasons set forth below, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that, on October 23, 1999, Hagadorn parked her car in front of a landscaped median in the parking lot of a shopping mall owned and operated by the defendants. Hagadorn exited her car and then shopped in at least two stores in the mall. Returning to her car, Hagadorn took a different route from the one she had previously taken, and she stepped onto a landscaped median in front of her car. The median ran the entire length of the parking lot, and Hagadorn decided to cross it, as did other shoppers, in order to access her car without walking the lengthy distance around it.

Stepping up onto the median, Hagadorn crossed over a drainage culvert and onto a narrow cement path with a manhole cover in its center between planted shrubs and trees. As Hagadorn stepped off the median and onto the parking lot, she stepped onto a steeply-graded portion of cement leading directly into the storm drain on the opposite side of the median. The steep grade threw Hagadorn off balance, and she fell, seriously injuring her leg.

Hagadorn deposed that, as she looked down before stepping off the median:

> the surface [of the pavement] appeared to be a flat surface like everything was normal, which was what I anticipated; and the gradation was very steep. So it was — also there were leaves because it was fall. And there was a hole in the leaves. I don't know whether it was the gradation. I think it was the design, because the gradation was so steep. Even though I thought it was level, it wasn't. It automatically pitched me backwards.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

In addition to this testimony, Seymour Liebmann, an engineer hired by Hagadorn as an expert, testified that: "Because of the lighting conditions and the crowning of the catch basin, an optical illusion was created, preventing [Hagadorn] from appreciating the severity of the slope of the catch basin." It is undisputed that, at the time of Hagadorn's fall, there were no paint markings alerting pedestrians to the presence of the steep grade near the catch basin.

Under these facts, the trial court erred by granting summary judgment to the defendants. In this case, Hagadorn was an invitee on the defendants' property, and OCGA § 51-3-1 provides:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

And, specifically with regard to slip-and-fall or trip-and-fall litigation, our Supreme Court has clearly set forth that:

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the [defendant].

*Robinson v. Kroger Co.*[2]

> With respect to the first element, a defendant moving for summary judgment discharges its burden by pointing out by reference to the record that there is an absence of evidence to support the plaintiff's case. The plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known. Moreover, premises liability cases are not susceptible to summary adjudication except where the evidence is plain, palpable, and undisputed.

---

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

(Citations and punctuation omitted.) *Taylor v. Golden Corral Corp.*[3]

In applying these standards, it must be remembered that the owner/occupier does not warrant the safety of an invitee, but nevertheless must

> exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.

(Citation omitted.) *Robinson v. Kroger Co.*, supra at 740 (1).

In this case, the defendants were, at least, on constructive notice regarding the condition of the drainage culvert, as an owner/occupier is generally on constructive notice of what a reasonable inspection would reveal. Certainly, a reasonable inspection would reveal the slanted nature of the cement surrounding the culvert and the fact that the curb had not been painted yellow or orange to alert pedestrians to any danger.

Moreover, the record does not demand a finding that Hagadorn had superior knowledge of the allegedly defective drainage culvert. Hagadorn testified that, from her vantage point on the median, she could not have seen that the pavement near the culvert sloped dramatically, and, as such, she could not appreciate the danger involved.

> And[, contrary to the defendants' arguments,] the fact that the rough uneven pavement is a static condition, ostensibly open and obvious, cannot automatically absolve the owner/occupier from liability, if any, from its failure to exercise ordinary care to keep the approaches safe. To do so would relegate a business patron to licensee status by requiring the patron to be on the alert to discover and avoid defects in the approaches. We do not understand this to be the law in trip and fall cases.

(Punctuation and footnotes omitted.) *Jackson v. Waffle House.*[4]

Nor would any failure by Hagadorn to watch every step she took require summary judgment against her.

---

[3] *Taylor v. Golden Corral Corp.*, 255 Ga. App. 860, 861 (567 SE2d 109) (2002).
[4] *Jackson v. Waffle House*, 245 Ga. App. 371, 374 (2) (537 SE2d 188) (2000).

In *Robinson v. Kroger Co.*, [supra,] the Supreme Court of Georgia rejected any requirement that an invitee look continuously at the floor [or ground] for defects because the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe.

(Punctuation omitted.) *Shepard v. Winn Dixie Stores.*[5]

Therefore, because questions of fact remain in this case regarding the defendants' liability for Hagadorn's trip and fall, we must reverse the trial court's grant of summary judgment to the defendants. See generally *Freyer v. Silver*[6] (notice to owner of hazardous placement of parking space near steep and deceptive slope into drain culvert presumed under theory of defective construction).

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED APRIL 20, 2004.

*Scherffius, Ballard, Still & Ayers, Edward R. Still*, for appellant. *Drew, Eckl & Farnham, George R. Moody*, for appellees.

---

[5] *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 749 (2) (527 SE2d 36) (1999).
[6] *Freyer v. Silver*, 234 Ga. App. 243, 245 (2) (507 SE2d 7) (1998).