A04A1975. PIRKLE v. ROBSON CROSSING, LLC et al.

(612 SE2d 83)

RUFFIN, Chief Judge.

In this trip and fall static defect case, Rebecca Pirkle sued three defendants, Robson Crossing, LLC (the owner of Robson Crossing shopping center in Hall County), The Sembler Company (the developer and manager of the center), and U. S. Construction, Inc. (the builder of the center), alleging that she sustained injuries when she fell from a curb at the shopping center.[1] The trial court granted summary judgment to Robson Crossing, Sembler, and U. S. Construction, finding that the curb was an open and obvious static condition, that Pirkle failed to exercise reasonable care for her safety, and that she was not entitled to punitive damages or attorney fees. Pirkle appeals, and for reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[2] On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party.[3] Viewed in this manner, the record shows that at approximately 6:15 or 6:30 p.m. on November 19, 2001, Rebecca Pirkle drove to the Robson Crossing shopping center to visit the Cingular Wireless store. It was near dark, and the lights were on in the parking lot.

Pirkle parked in the closest available parking place and proceeded across a grass median. The curb she stepped on to access the median was a "normal height curb," whereas on the opposite side of the median the curb was higher, measuring approximately 23 inches high. She had visited the shopping center on three previous occasions

---

[1] Pirkle also sued Cingular Wireless Corporation, which allegedly operated a retail store in the shopping center, but subsequently dismissed it from the lawsuit.

[2] See *Villareal v. TGM Eagle's Pointe*, 249 Ga. App. 147 (547 SE2d 351) (2001).

[3] See id.

but had never noticed the higher curb on the opposite side of the median, even though she had driven by it.

As Pirkle walked across the grass, the curb on the opposite side appeared to her to be "normal" height. As she started to step off the curb, however, she looked down and realized it was higher than normal, but she was "too far gone to stop." She admits that nothing prevented her from noticing the height of the curb, that she was not distracted, and that she saw the curb but just did not notice its height. She tried to brace her fall with her right arm. She was taken to the hospital and underwent surgery for a broken arm.

In four related enumerations of error, Pirkle asserts that the trial court erred in granting summary judgment to the defendants on her premises liability claim.[4] We disagree.

OCGA § 51-3-1 provides that

> [w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

And in order to recover in a trip and fall case

> the plaintiff must prove that (1) the premises owner had actual or constructive knowledge of the hazard; and (2) the plaintiff lacked knowledge of the hazard, despite her exercise of ordinary care, due to actions or conditions within the owner's control. However, the plaintiff's evidentiary burden concerning the second prong is not shouldered until the owner establishes that the plaintiff was negligent, that is, she intentionally and unreasonably exposed herself to a hazard of which she knew or, in the exercise of reasonable care, should have known existed.[5]

With respect to the second prong, we determine

> whether the record shows plainly, palpably and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants or would have had equal or

---

[4] Pirkle does not challenge the court's ruling regarding punitive damages or attorney fees.

[5] *Williams v. Park Walk Apts.*, 253 Ga. App. 429 (559 SE2d 169) (2002).

superior knowledge had the plaintiff exercised ordinary care for personal safety.[6]

Citing two trip and fall cases, *Freyer v. Silver*[7] and our recent decision in *Hagadorn v. Prudential Ins. Co.*,[8] Pirkle argues that "due to the optical illusion created by the landscaped island, [the 23-inch curb] appeared to be [a normal height curb]" and that there is a question of fact as to whether she had equal or superior knowledge of the hazard. However, her reliance on these cases is misplaced.

In *Freyer*, the plaintiff suffered injuries after tripping over a catch basin in a parking lot. She testified that "[t]here was an area that was slanting down that I did not see, and I couldn't see."[9] She also submitted expert testimony that "the level parking lot asphalt dropp[ed] precipitously into the catch basin at a very sharp and unsafe angle" and that the space immediately adjacent to the basin should not have been used as a parking space because of the sharp drop off, the sudden change in elevation and the lack of safety markings.[10] Given this evidence, we affirmed the denial of summary judgment for defendants.[11]

Similarly, in *Hagadorn*, the plaintiff tripped on steeply graded cement leading to a storm basin. She testified that she looked before she stepped and the pavement surface appeared to be flat. Although she thought it was level, it was not. She also submitted expert testimony that " '[b]ecause of the lighting conditions and the crowning of the catch basin, an optical illusion was created, preventing [her] from appreciating the severity of the slope of the catch basin.' "[12] In light of this evidence, we reversed the grant of summary judgment to the defendants.[13]

Here, unlike *Hagadorn* and *Freyer*, there is no evidence, expert or otherwise, that the allegedly "hazardous" curb was negligently designed, constructed or maintained, or that there were lighting or other issues that made it difficult to see.[14] Instead, Pirkle's testimony

---

[6] *Freyer v. Silver*, 234 Ga. App. 243, 246 (2) (507 SE2d 7) (1998).

[7] See id.

[8] 267 Ga. App. 143 (598 SE2d 865) (2004).

[9] (Emphasis omitted.) *Freyer*, supra at 244.

[10] (Punctuation omitted.) Id. at 245.

[11] See id. at 247 (3).

[12] *Hagadorn*, supra at 145.

[13] See id. at 146-147.

[14] In connection with her motion for reconsideration of the trial court's summary judgment rulings, Pirkle filed an expert affidavit stating that the curb at issue was defectively designed. The trial court denied the motion for reconsideration, and Pirkle has not enumerated that ruling as error. Moreover, Pirkle admits that she did not timely file the expert affidavit, and nothing in the record shows that the trial court, in its discretion, considered it. Accordingly, we

indicates that she clearly saw the curb in front of her, but simply did not appreciate its height. And in *Wright v. JDN Structured Finance*,[15] another trip and fall static condition case involving a curb, we noted that

> [t]he ultimate issue is whether [the defendant] was negligent in maintaining a hazardous condition on the property, and in everyday life, persons are required to negotiate floors, steps and doorways. Even if the curbed sidewalk was hazardous as [plaintiff] asserts, the condition was open and obvious, and thus, in the exercise of ordinary care, she could have avoided it. There is no duty to warn of the obvious.[16]

We agree with the trial court that the height of the curb was open and obvious and any hazard presented by it could have been avoided by Pirkle in the exercise of reasonable care. Accordingly, the trial court properly granted summary judgment to the defendants.[17]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED MARCH 17, 2005.

*Merritt & Henry, Christian G. Henry*, for appellant.
*Finley & Buckley, Dennis A. Brown, Drew, Eckl & Farnham, Douglas C. Dumont, Bruce A. Taylor, Jr.*, for appellees.

---

will not consider it as evidence on appeal. See *Nall v. Bill Heard Chevrolet*, 238 Ga. App. 365, 367 (518 SE2d 164) (1999).

[15] 239 Ga. App. 685 (522 SE2d 4) (1999).

[16] (Punctuation omitted.) Id. at 687.

[17] See id. Cf. *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 830 (2) (549 SE2d 784) (2001) (plaintiff's testimony about pedestrian traffic on ramp raised question of fact as to whether, under the circumstances at the time of her fall, her failure to see the height gap between the bottom of the ramp and the parking deck pavement was reasonable).