## A05A0011. GARRETT v. HANES.
### (616 SE2d 202)

RUFFIN, Chief Judge.

Audrey Jewell Garrett sued Joseph Hanes to recover for injuries she allegedly sustained when she tripped and fell at his house. The trial court granted Hanes' motion for summary judgment, and this appeal followed. Finding no error, we affirm.

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[1] A *defendant* may show entitlement to summary judgment by showing that the evidence of record reveals an absence of evidence on at least one essential element of the plaintiff's case.[2] On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmovant.[3]

Viewed in this manner, the evidence shows that on January 26, 2003, Garrett was a wedding guest at Hanes' home. The house, which had been built in 1953, had concrete steps leading to the front door. The front porch extended slightly over the top step, creating an "overhang." As she approached the front door to enter the premises, Garrett tripped on the overhang and fell. Garrett testified that the steps were clean and dry and that there was nothing other than the overhang that caused her to fall.

Garrett filed suit against Hanes, alleging that he "fail[ed] to provide reasonably safe premises and maintain[ed] a dangerous condition on the premises." Hanes moved for summary judgment, arguing inter alia that he was under no duty to warn Garrett and that he had no knowledge of any alleged defect in the step. In support of the motion, Hanes attached his wife's affidavit, in which she averred that she has lived at the home since 1958 and operated a business out of her home for approximately 26 years and had daily customers.[4] Mrs. Hanes testified that she was "not aware of anyone who had ever fallen and been injured on the front steps of [her] home before January 26, 2003."

In reply, Garrett submitted a brief in which she noted that the front porch had a "lip" over the stairs, which was painted the same color as the stairs. Garrett also alleged that Hanes apparently "was aware [of] some problem with the step because [he had] requested a

---

[1] See OCGA § 9-11-56 (c); *Villareal v. TGM Eagle's Pointe*, 249 Ga. App. 147 (547 SE2d 351) (2001).

[2] See *Mitchell v. Austin*, 261 Ga. App. 585 (583 SE2d 249) (2003).

[3] See *Villareal*, supra.

[4] According to the affidavit, Hanes suffers from Alzheimer's disease and thus is not competent to testify.

young boy approximately 12 years of age to be at the front steps to assist or warn persons using the steps as an entry to the residence." Based upon this, Garrett argued that Hanes had superior knowledge of the alleged defect.

The trial court granted Hanes' motion for summary judgment, finding that Garrett had not "presented *any* evidence that the steps were defectively constructed."[5] We find no error.

"Owners or occupiers of land are liable to their [invitees] for injuries caused by the owners' failure to exercise ordinary care in keeping the premises and approaches safe. However, they are not insurers of their safety."[6] For an invitee to recover for injuries sustained as a result of the owner's failure to exercise such care, the invitee must establish both that the landowner had actual or constructive knowledge of the hazard, and that the invitee lacked knowledge of the hazard despite the exercise of ordinary care.[7] The true basis for an owner's liability is his superior knowledge of the existence of a condition that could subject his invitees to an unreasonable risk of injury.[8]

Thus, the threshold question in such case is whether there is any evidence of the existence of a condition that would subject an invitee to an unreasonable risk of injury.[9] Here, we agree with the trial court that there is no evidence that the step was hazardous. Nothing in Garrett's testimony suggests that the lip at the top of the stairs was difficult to discern to the naked eye. Indeed, Garrett testified that she did not notice the lip before she fell because she "was looking up." And after she fell, Garrett was able to see the lip and conclude that it had caused her to fall. Furthermore, Garrett presented no expert testimony that the step was negligently designed, constructed, or maintained.[10] "Proof of a fall, without more, does not create liability on the part of a proprietor or landowner."[11] Here, Garrett proved only that she fell, which is insufficient to establish liability.[12]

Moreover, the record is devoid of evidence that Hanes had superior knowledge of any alleged defect. Rather, Mrs. Hanes testified unequivocally that she was unaware of anyone falling and

---

[5] (Emphasis in original.)

[6] (Citation and punctuation omitted.) *Bonner v. Southern Restaurant Group*, 271 Ga. App. 497, 499 (610 SE2d 129) (2005).

[7] See id.

[8] See id.

[9] See *Flagstar Enterprises v. Burch*, 267 Ga. App. 856 (600 SE2d 834) (2004).

[10] See *Pirkle v. Robson Crossing, LLC*, 272 Ga. App. 259, 261 (612 SE2d 83) (2005); compare *Hagadorn v. Prudential Ins. Co.*, 267 Ga. App. 143, 145 (598 SE2d 865) (2004).

[11] *Flagstar Enterprises*, supra at 856-857.

[12] See *Pirkle*, supra; *Duvall v. Green*, 262 Ga. App. 669, 670 (586 SE2d 369) (2003) (bare assertion that stairs were too steep insufficient to establish existence of hazardous condition).

injuring himself on the stairs. Although Garrett contends in her brief that Hanes had a child stationed at the front of the house to warn guests about the steps, she provides no citation to the record to support her contention.[13] And according to Mrs. Hanes' affidavit, she asked her grandson "to stand in the front yard of [her] home to direct guests where to park their cars for the wedding. [She] had not directed [him] to warn anyone about any hazard."

"To survive summary judgment, [Garrett] was obligated to point to specific evidence giving rise to a triable issue."[14] Given her failure to do so, the trial court properly granted summary judgment in Hanes' favor.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 23, 2005.

*Douglas R. Daum*, for appellant.
*Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Eric F. Barton*, for appellee.

---

[13] Indeed, in violation of this Court's rules, Garrett does not provide a single citation to the record to support her factual allegations. See Court of Appeals Rule 25 (c) (3) (i). Accordingly, we need not even consider her claim of error.

[14] (Punctuation omitted.) *Padilla v. Hinesville Housing Auth.*, 235 Ga. App. 409, 411 (509 SE2d 698) (1998).